1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,              Case No. 1:19-cv-00367-NONE-SKO (PC)

12              Plaintiff,                **ORDER DIRECTING PLAINTIFF TO
                                          FILE A SECOND AMENDED
13         v.                             COMPLAINT *OR* NOTIFY THE COURT
                                          OF HIS DESIRE TO PROCEED ONLY ON
14   VASQUEZ, et al.,                     CLAIM FOUND COGNIZABLE**

15              Defendants.               (Doc. 12)

16                                        21-DAY DEADLINE

17

18        Plaintiff Larry William Cortinas alleges the defendants subjected him to excessive force

19   and violated the Americans with Disabilities Act and the Rehabilitation Act. (Doc. 12 at 4.) The

20   Court finds that Plaintiff states a cognizable claim under the Eighth Amendment; however, his

21   remaining claims are not cognizable. Accordingly, the Court orders Plaintiff to file a second

22   amended complaint curing the deficiencies identified in this order or, alternatively, to notify the

23   Court that he wishes to proceed only his claim of excessive force and to dismiss all remaining

24   claims.

25   I.    **SCREENING REQUIREMENT**

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

28   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

                                            1

legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.   DISCUSSION

### A. Plaintiff's Factual Allegations

Plaintiff alleges that, on April 30, 2018, he was housed "inside a suicide watch mental health cell" at California State Prison, Corcoran. (Doc. 12 at 4.) Correctional Sergeant Vazquez approached his cell door and directed Plaintiff to turn around so he could place Plaintiff in handcuffs. (*Id.*) Plaintiff refused and requested to see a doctor. (*Id.*) Sergeant Vazquez, Correctional Officer Fischer, Correctional Officer Washington, and unknown officers then entered Plaintiff's cell. (*Id.*) Plaintiff states that he remained seated and did not resist. (*Id.*) Officer Washington then pressed Plaintiff to the floor, handcuffed him, and shackled his legs. (*Id.*) Plaintiff alleges Sergeant Vasquez then punched him in the head and neck area, knocking off the neck brace that he was wearing, and Officer Fischer kicked him in the groin area. (*Id.* at 5.) Plaintiff states that he was "beaten until [he] blacked out," then "hooded and chained to a [wheelchair] naked." (*Id.*) Plaintiff alleges he suffered cervical and lumbar disc damage, and he must now use a walker and braces for his neck, back, and knee. (*Id.*)

///
///

3

### B. Plaintiff's Claims for Relief

#### 1. Excessive Force under the Eighth Amendment

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

Plaintiff states a cognizable excessive force claim. He alleges that Defendants beat him while he was handcuffed and shackled around the legs, causing him to go unconscious. (Doc. 12 at 4-5.) If true, regardless of the need for force, the amount of force appears unnecessary, and Plaintiff suffered serious injuries as a result. Thus, Plaintiff states a viable claim against the defendants.

///

a. <u>Requested Relief</u>

In his complaint, Plaintiff requests compensatory and punitive damages, injunctive relief, and the appointment of counsel. (*Id.* at 6.) Plaintiff may seek damages and injunctive relief under section 1983. *See* 42 U.S.C. § 1983. However, if Plaintiff would like the Court to appoint *pro bono* counsel to represent him in this action, he must file a separate motion requesting such appointment. The Court informs Plaintiff that he does not have a constitutional right to appointed counsel in this civil action, and the Court will appoint voluntary counsel only in "exceptional circumstances." *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

2. <u>Americans with Disabilities Act and Rehabilitation Act</u>

In addition to the Eighth Amendment, Plaintiff brings claims under the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act.[1] (Doc. 12 at 4.) The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides, "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Plaintiff does not state a cognizable claim under the ADA or the Rehabilitation Act. Plaintiff does not allege that he has a disability, *see* 42 U.S.C. § 12102(1), or that prison staff subjected him to discrimination *because of* such disability. *See id.* § 12132; 29 U.S.C. § 794(a). In addition, Plaintiff does not allege that he was excluded from participation in, or denied the benefits of, prison services or programs because of a disability. *See id.*

///

---

[1] Under Causes of Action, Plaintiff also writes, "physical and mental disability act." (Doc. 12 at 4.) The Court is unaware of any statute with this name; and since the phrase is written immediately after "[R]ehabilitation Act" (*see id.*), the Court construes Plaintiff's claim as one of discrimination for physical and mental disabilities under the Rehabilitation Act.

With respect to his ADA claim, Plaintiff cites 42 U.S.C. § 12101(a). (*Id.*) Since this subsection provides only congressional findings, the Court construes Plaintiff's claim as being under the ADA's substantive provisions related to public entities, i.e., 42 U.S.C. §§ 12131-12134.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court ORDERS Plaintiff, **within 21 days**, to file a second amended complaint curing the deficiencies identified herein <u>or</u>, in the alternative, to notify the Court that he wishes to proceed only on his excessive force claim. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint and prior amendments, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1.    Plaintiff is **GRANTED** leave to file a second amended complaint;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

3.    **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:

  a.  a second amended complaint curing the deficiencies identified in this order, OR

  b.  a notice that he does not wish to file a second amended complaint and instead wishes to proceed only on his excessive force claim and to dismiss all remaining claims, OR

  c.  a notice of voluntary dismissal of this entire case.

///

///

///

///

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claim found cognizable herein and that all other claims be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: __**February 3, 2020**__            ____/s/ *Sheila K. Oberto*____

UNITED STATES MAGISTRATE JUDGE