UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>           Plaintiff,<br><br>      v.<br><br>VASQUEZ, et al.,<br><br>           Defendants. | Case No. 1:19-cv-00367-NONE-SKO (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 17) |

Before the Court is Plaintiff's motion for the appointment of counsel. (Doc. 17.) Plaintiff does not have a constitutional right to appointed counsel in this civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

In the present case, the Court does not find the requisite exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination as to whether Plaintiff is likely to succeed on the merits.

Plaintiff states that he has been unable to state a cognizable claim, and he suggests that this is a reason for the Court to appoint him counsel. (*See* Doc. 17.) However, the Court has found that Plaintiff *has* stated cognizable claims for excessive force, sexual assault, and deliberate indifference to medical needs under 42 U.S.C. § 1983. (Doc. 16 at 1, 4-7.) The Court has only found that Plaintiff does not a cognizable claim under the Americans with Disabilities Act and the Rehabilitation Act. (*Id.* at 1, 7-8.) In any event, Plaintiff's assertion does not establish the requisite exceptional circumstances to merit appointment of counsel. *See Rand*, 113 F.3d at 1525.

For the foregoing reasons, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated:   **April 17, 2020**                            /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

2