UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br> v.<br><br>VASQUEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00367-NONE-SKO (PC)<br><br>**ORDER SETTING EVIDENTIARY HEARING ON EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Date: March 17, 2022<br>Time: 10:00 a.m.<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**<br><br>(Doc. 69) |

  Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 61.) The Court finds that material disputes of fact exist regarding whether administrative remedies were available to Plaintiff, *see Ross v. Blake*, 578 U.S. 632, 642-644 (2016), *Andres v. Marshall*, 867 F.3d 1076, 1078-79 (9th Cir. 2017), *Rupe v. Beard,* No. 2:08-cv-02454-EFS, 2013 WL 2458398, at *14-15 (E.D. Cal. 2013), and that an evidentiary hearing is necessary to resolve the disputes, *see Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).

  Accordingly, the Court ORDERS:

1. An evidentiary hearing on the issue of exhaustion of administrative remedies is SET for **March 17, 2022, at 10:00 a.m.** At the hearing, the parties may present testimony

and documentary evidence on whether the appeals office of California State Prison, Corcoran, provided Plaintiff with notice(s) of the delay in processing his administrative appeal (Log. No. CSPC-7-18-02210) at the second level of review, *see* Defs.' Statement of Undisputed Facts ¶ 5 (Doc. 61-2 at 2), Mendez Decl. Ex. D (Doc. 61-4 at 17-28).

2. The evidentiary hearing will be held over Zoom videoconference. Defense counsel shall arrange for Plaintiff's participation. Prior to the hearing, counsel shall contact the undersigned's courtroom deputy at WKusamura@caed.uscourts.gov to request the Zoom videoconference connection information. The Court will issue a writ of *habeas corpus ad testificandum*, as appropriate.

3. No later than February 18, 2022, defense counsel shall confer with Plaintiff to determine whether either side will seek to admit documentary evidence at the hearing. If either side wishes to do so, the party shall identify the documents and provide copies of them to the opponent by February 25, 2022, *unless* the opponent already has copies of the documents.

4. The parties shall agree on exhibit numbers to assign to their documentary evidence, with Plaintiff's exhibits identified as "Plaintiff's Exhibit" followed by a number, and Defendants' exhibits identified as "Defense Exhibit" followed by a number. The parties may also mark exhibits as "Joint Exhibit" followed by a number, if both sides will rely upon the exhibits. Objections to the evidence, if any, must be made during the hearing or they are waived.

5. No later than March 10, 2022, defense counsel shall lodge an exhibit list detailing the documentary evidence (with applicable exhibit numbers) that both sides will seek to introduce at the hearing, as well as copies of the evidence, by email to SKOorders@caed.uscourts.gov. Following the hearing, counsel shall file an exhibit list of all the documentary evidence admitted at the hearing.[1]

---

[1] The Court appreciates that these orders place an extra burden on defense counsel. However, because Plaintiff lacks the ability to lodge evidence electronically, placing this burden on defense counsel is unavoidable. Only in this way will the parties and the Court have access to the relevant evidence by the time of the video hearing.

6. Plaintiff's motion for leave to conduct limited discovery (Doc. 69) is GRANTED. <u>Between the date of this order and February 18, 2022</u>, the parties may conduct discovery on the issue of whether the appeals office of California State Prison, Corcoran, provided Plaintiff with notice(s) of the delay in processing his administrative appeal (Log. No. CSPC-7-18-02210) at the second level of review.

IT IS SO ORDERED.

Dated:   **December 1, 2021**                       /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE