UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>VASQUEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR SUBPOENAS**<br><br>(Doc. 90) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

This matter is scheduled for an evidentiary hearing on April 19, 2022, at 10:30 a.m. (Doc. 84.) The evidentiary hearing involves "material disputes of fact … regarding whether administrative remedies were available to Plaintiff … [and] an evidentiary hearing is necessary to resolve the disputes." (Doc. 72.) On March 16, 2022, an Order & Writ of Habeas Corpus ad Testificandum to produce Plaintiff to appear by Zoom video conference at the evidentiary hearing was issued. (Doc. 92.)

//

//

//

1       On March 16, 2022, Plaintiff filed a motion or request for subpoenas. (Doc. 90.) Plaintiff states he is "requesting instruction(s) for subpoena(s)" and that he "require[s] 4 for the scheduled hearing and [he] must get them served" upon California Department of Corrections and Rehabilitation personnel. (*Id.*)

## II.    DISCUSSION

Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Although Rule 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it," Plaintiff has not provided sufficient information for the Court to grant his request.

Plaintiff requests four subpoenas. (Doc. 90.) He has, however, failed to state whether he is seeking documents, testimony, or both from the non-parties[1] to be served with the subpoenas.[2] It is also unclear whether the documentation or testimony sought is relevant, whether he is seeking additional discovery or whether the subpoenas are solely for the purpose of commanding the appearance of witnesses for the scheduled evidentiary hearing.

### A.   The Parties' Positions

In their summary judgment motion, Defendants contend Plaintiff did not exhaust his administrative remedies relative to "appeal COR-18-02210" through all three levels of the administrative process as to Defendants Vasquez, Fisher and Washington. Defendants contend that Plaintiff initiated this action on March 13, 2019, before receiving a second level response on October 22, 2019. (Doc. 61-1 at 12.) Defendants contend that administrative remedies remained

---

[1] Plaintiff indicated an intent to serve the subpoenas on California Department of Corrections and Rehabilitation personnel. (Doc. 90.) It is not clear whether the individuals Plaintiff seeks to subpoena are parties or non-parties to this action. However, the undersigned notes Plaintiff's previous reference to a non-party – Jennifer Barreto – and an intent to subpoena her in Plaintiff's opposition to the summary judgment motion. (*See* Doc. 67 at 3, ¶ 5.)
  Subpoenas duces tecum generally apply to non-parties (i.e., "persons") as opposed to parties, like the Defendants. *See* Fed. R. Civ. P. 45(a); C. Wright & A. Miller, *Federal Practice and Procedure* § 2107 ("Though the rules do not say so expressly, a subpoena is not necessary if the person [from whom documents are sought] is a party"). Indeed, the Federal Rules of Civil Procedure specifically provide a separate mechanism for obtaining document discovery from other parties by serving a document request on them. *See* Fed. R. Civ. P. 34.

[2] It appears the parties have preliminarily identified relevant documentation to be presented at the hearing. (Doc. 81-2, ¶ 3 [Chen Decl.] & Exhibits.)

available because prison officials provided Plaintiff with regular notices informing him of the delay. (*Id*. at 13-16.) Twelve notices advise "Plaintiff that due to the 'complexity of the decision, action, or policy,' the due date on his appeal has been extended and provides a new estimated completion date." (*Id*. at 14.) Defendants also contend Plaintiff's two other appeals—COR-18-2286 and COR-18-2671—cannot serve to exhaust Plaintiff's claims because those appeals were "screened out." (*Id*. at 16.) Additionally, Defendants contend Plaintiff's medical indifference claim against Defendant Ramos was not exhausted and that Plaintiff has failed to exhaust his sexual assault claims because his "appeals did not complain about this alleged sexual misconduct." (*Id*. at 16-18.)

In his opposition to the summary judgment motion, Plaintiff contends that he obtained "newly discovered evidence" relevant to the issue of administrative exhaustion,[3] he did not receive notification of delays, Plaintiff "made certain to exhaust to the best of his ability" and when Plaintiff's appeals were rejected, he "appealed those rejections just to be safe." (Doc. 67 at 1-3.)

### B.  Analysis

If Plaintiff is requesting subpoenas for the purpose of calling witnesses to appear at the evidentiary hearing scheduled for April 19, 2022, the relevance of any witness's testimony at the evidentiary hearing is not clear. Because the only question is whether Plaintiff exhausted his administrative remedies, only witness testimony concerning that issue is relevant. (*See* Doc. 72 at 1-2 ["At the hearing, the parties may present testimony and documentary evidence on whether the appeals office of California State Prison, Corcoran, provided Plaintiff with notice(s) of the delay in processing his administrative appeal (Log No. CSPC-7-18-02210) at the second level of review"].) Moreover, only the administrative review process employed at the time of Plaintiff's

---

[3] Plaintiff seems to contend a subsequent change to the grievance and appeals process within the CDCR establishes he has exhausted his administrative remedies because the prior process was flawed. (*See* Doc. 67 at 3 & Exhibit.) On March 25, 2020, the grievance procedure outlined in § 3084.1, et seq., was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See CCR, tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, there is no dispute that the events of April 30, 2018, alleged in the complaint took place before the repeal took effect. The relevant procedures are those in effect at the time of the events giving rise to Plaintiff's claims. Accordingly, Plaintiff's characterization of the repealed grievance procedure as "flawed" will not be explored at the evidentiary hearing.

3

appeals is relevant in this action.

The Court has a duty to ensure that testimony Plaintiff seeks to offer by way of subpoena is relevant to the proceedings. *See, e.g.*, *Coleman v. Virga*, No. 2:17-cv-0851 KJM KJN P, 2019 WL 5260413 *2 (E.D. Cal. Oct. 17, 2019) ("Limitations on a subpoena include the relevance of the information sought"); 28 U.S.C. 1915(d); *see also Ronell v. Cabbagestock*, No. 0:20-871-DCN-PJG, 2020 WL 6802909 *2 (D.S.C. Nov. 18, 2020) ("The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena"); *Nesbitt v. Riley*, No. 0:14-2788-RMG-PJG, 2015 WL 1517505 (D.S.C. Apr. 1, 2015) ("Nesbitt has made no showing as to how any of the testimony he seeks is relevant to his claims").

"Expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ...." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). A plaintiff who proceeds *in forma pauperis* is "generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d)." *Heilman v. Lyons*, 2010 WL 5168871, at *1 (E.D.Cal.2010).[4] However, Plaintiff is obligated to pay witness fees and/or costs and to tender payment concurrently with the subpoena. *See Tedder v. Odel*, 890 F.3d 210, 211-212 (9th Cir. 1989) (IFP status of civil rights plaintiff did not exempt him from requirement that witness fees be tendered with subpoena). In other words, while Plaintiff is *not required* to pay for the United States Marshal's service *to serve* his subpoenas, he is required to pay witness fees and/or costs to a witness entitled to them. *See, e.g.*, *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena).

To the extent Plaintiff seeks additional discovery, the original discovery deadline in this action was October 6, 2021. (Doc. 51.) On August 30, 2021, the Court extended the deadline to

---

[4] "As a general rule, indigent litigants bear their own litigation expenses." *Tabron v. Grace*, 6 F.3d 147, 159-160 (3d Cir. 1993).

4

file motions challenging the exhaustion of administrative remedies to October 5, 2021, and merits-based discovery was stayed pending the outcome of Defendants' now pending summary judgment motion. (Doc. 59.) Therefore, to the extent Plaintiff seeks additional discovery pertaining to the exhaustion of administrative remedies, that deadline has now passed. As such, Plaintiff's request for subpoenas, for the purposes of conducting additional discovery, is untimely.

In sum, it cannot be determined from Plaintiff's request whether he intends to subpoena documents, witnesses, or both, for the evidentiary hearing to be held April 19, 2022. It also cannot be determined from Plaintiff's request whether the subpoenas he intends to serve involve documents, witnesses, or both, relevant to the issue to be explored at the evidentiary hearing. To the degree Plaintiff seeks additional discovery by way of subpoena, his request is also untimely. As a result, Plaintiff's request will be denied without prejudice.

Plaintiff should determine whether renewing his request for subpoenas is appropriate given the information above. The undersigned is aware of the limited time frame within which subpoenas may be issued and served should Plaintiff elect to renew his request for subpoenas, subject to a showing of relevancy and his ability to pay any fees and costs.

### III.   CONCLUSION

For the reasons given above, the Court DENIES Plaintiff's motion for subpoenas (Doc. 90) without prejudice.

IT IS SO ORDERED.

Dated:   **March 21, 2022**                     /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE