1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,            Case No. 1:19-cv-00367-JLT-SKO (PC)

12                    Plaintiff,

13        v.                           **ORDER DENYING WITHOUT**
                                       **PREJUDICE PLAINTIFF'S "EX PARTE**
14   VASQUEZ, et al.,                  **REQUEST"**

15                    Defendants.       (Doc. 94)

16

17        Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to

18   42 U.S.C. § 1983.

19        **I.      INTRODUCTION**

20        This matter is scheduled for an evidentiary hearing on **April 19, 2022, at 10:30 a.m.**

21   (Doc. 84.) The evidentiary hearing involves "material disputes of fact … regarding whether

22   administrative remedies were available to Plaintiff … [and] an evidentiary hearing is necessary to

23   resolve the disputes." (Doc. 72.)

24        On March 21, 2022, Plaintiff filed a "Ex Parte Request for a Court Order, Verifying April

25   19 2022 Evidentiary Hearing." (Doc. 94.) Plaintiff contends he "can not [sic] access the Law

26   Library as a Prior Law Library user, which provides 4 hours a week, access, Legal Copy access

27   and Legal mailing access." (*Id*. at 1.)  Plaintiff requests that an order be sent to him and be "e-

28   mail[ed] to prison litigation coordinator" for service "upon [Plaintiff], so [he] can access the Law

Library to prepare a Couple of Subpoena(s) For Records, obtain Copies of Cases." (*Id*. at 1-2) For the reasons set forth below, Plaintiff's request will be denied without prejudice.

## II.      DISCUSSION

### A.  Background

California prisons are required to provide legal materials through its law library in order to give prisoners meaningful access to the courts. 15 Cal. Code Regs. § 3122(a). Prisoners who wish to use the law library fall into two categories: General Legal Users ("GLUs") and Priority Legal Users ("PLUs"). 15 Cal. Code Regs. § 3122(b). PLUs are given greater access to the law library than GLUs, and a prisoner achieves PLU status when he can show that he has an upcoming court deadline. *Id*. § 3122(b)(1). To achieve PLU status, a prisoner must submit a form to the law librarian setting forth his court deadline, and if the librarian approves the request, he or she will notify corrections officers to bring the prisoner to the library during the extended PLU hours. *Id*. An inmate who does not have PLU status may still access the law library on GLU status. *Id*. § 3122(b).

### B.  Analysis

First, to the extent Plaintiff seeks verification that this matter is set for an evidentiary hearing on April 19, 2022, a review of the docket indicates Plaintiff was inadvertently not served with a copy of the Minute Order dated March 7, 2022, continuing the hearing from March 17, 2022, to April 19, 2022, at 10:30 a.m. The Clerk of the Court will be directed to provide Plaintiff with a copy of the March 7, 2022, Minute Order for his records.

The undersigned notes that Plaintiff's instant motion is signed and dated March 16, 2022—the same date the undersigned issued an Order and Writ of Habeas Corpus ad Testificandum that requires Plaintiff be produced to appear by Zoom video conference at the April 19, 2022, evidentiary hearing. (Doc. 92.) The Order and Writ were sent to the institution via Certified Mail that same date and emailed to the Litigation Coordinator at the California Medical Facility. Plaintiff was served via U.S. Mail. Therefore, Plaintiff should now be in receipt of a document confirming that an evidentiary hearing is set in this matter for April 19, 2022, at 10:30 a.m. Additionally, the March 21, 2022, Order Denying Without Prejudice Request for Subpoenas

also references the fact this matter is set for an evidentiary hearing on April 19, 2022. (Doc. 93.) Because Plaintiff was served with the Order on that same date, he should now be in receipt of additional documentation confirming the upcoming April 19, 2022, evidentiary hearing date.

Next, to the extent Plaintiff seeks an order from this Court directing the California Medical Facility law library to grant him PLU status, Plaintiff has not established that he sought to extend[1] and/or reapply for PLU status in light of the upcoming hearing, or that such a request was denied by the institution. A prisoner must "complete and sign a CDCR Form 2171 … Priority Library User (PLU) Request and Declaration, … to apply for PLU status." 15 Cal Code Regs. § 3122(b)(3).

If Plaintiff has requested his PLU status continue through the 30-day period prior to the April 19, 2022, evidentiary hearing,[2] but has been denied access to the law library despite a proper written request, Plaintiff may renew his request to the Court and include copies of his request and the institution's denial[3] of the same.

In sum, Plaintiff should be in receipt of documentation confirming that this matter is scheduled for an evidentiary hearing on April 19, 2022, at 10:30 a.m. (See Docs. 92 [Order & Writ of Habeas Corpus ad Testificandum], 93 [Order Denying Without Prejudice Request for Subpoenas].) In the event Plaintiff has been denied continued PLU status considering the upcoming evidentiary hearing, Plaintiff must establish he has complied with the required procedure for obtaining or extending PLU status and has been denied PLU status by the institution. Should Plaintiff elect to renew his request, Plaintiff should provide the Court with documentation to support his request.

//

//

---

[1] Defense counsel Chen's declaration dated March 4, 2022, indicates "the law library extended Plaintiff's PLU status to March 17, 2022." (Doc. 81-2, ¶ 4.)

[2] An inmate may receive PLU status within 30 calendar days of his or her established court deadline unless the inmate can demonstrate need for a longer period of PLU based on extraordinary circumstances beyond the inmate's control. Cal. Code Regs. § 3122 (b)(6).

[3] If a request for PLU status is denied, the institution "shall provide the reasons for [] disapproval on the form and shall provide a copy of that document to the inmate." 15 Cal. Code Regs. § 3122(b)(4).

1

### III.    CONCLUSION

2          For the foregoing reasons, the Court DENIES Plaintiff's "Ex Parte Request" (Doc. 94)

3   without prejudice. The Clerk of the Court is directed to serve Plaintiff with a copy of the Minute

4   Order dated March 7, 2022.

5

6   IT IS SO ORDERED.

7   Dated:   __**March 24, 2022**__                          _/s/ Sheila K. Oberto_

8                                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28