UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VASQUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>(Doc. 96) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

This matter is scheduled for an evidentiary hearing on **April 19, 2022, at 10:30 a.m.** (Doc. 84.) The evidentiary hearing involves "material disputes of fact … regarding whether administrative remedies were available to Plaintiff … [and] an evidentiary hearing is necessary to resolve the disputes." (Doc. 72.)

On March 28, 2022, Plaintiff filed a "Motion to Compel Discovery for April 19, 2022 Evidentiary Hearing." (Doc. 96.) Plaintiff's motion seeks the following: (1) "ALL THE WORK SHEET(S) which log the time spent upon the administrative appeal at issue" between 5/4/18 and 10/24/19; (2) "ALL INTERVIEWS CONDUCTED UPON APPEAL Log No.: 18-2210;" (3) ALL correspondence received and there [sic] answers on the above appeal;" and (4) ALL THE

NAMES of persons responsible for the appeal and or who worked upon the appeal at issue." (Doc. 96 at 3.) Plaintiff contends that during the recent teleconference with the Court, defense counsel "stated in GOOD FAITH [that] she provided" certain materials to Plaintiff in response to his request, but that Plaintiff "did not receive these materials as the deputy attorney general stated …." (*Id*. at 3-4.) Because he did not receive the materials, Plaintiff contends it is "necessary to request another hearing or a court Order" for the materials he seeks. (*Id*.) Plaintiff provides points and authorities (*id*. at 4-5), an affidavit (*id.* at 5-6) and two exhibits (*id*. at 7-11) in support of his motion.

For the reasons set forth below, Plaintiff's motion will be denied.

## II. DISCUSSION

### A. Relevant Procedural Background

On May 6, 2021, this Court issued a Discovery and Scheduling Order setting forth discovery procedures and deadlines, including the "deadline for completion of all discovery, including filing motions to compel" on "**10/06/2021**." (Doc. 51 at 3, emphasis in original.)

On August 27, 2021, the Court issued an Order Granting Defendant's Motion to Modify the Discovery and Scheduling Order and Staying Discovery. (Doc. 59.) The Court extended the deadline to file motions challenging the exhaustion of administrative remedies to "October 5, 2021," and stayed discovery, "except for discovery pertaining to exhaustion of administrative remedies, until the Court rules on Defendants' anticipated exhaustion-based motion for summary judgment." (Doc. 59 at 2, emphasis in original.)

Defendants filed their motion for summary judgment on October 5, 2021 (Doc. 63), Plaintiff filed an opposition (Doc. 62, 67) and Defendants filed a reply (Doc. 71).

On December 1, 2021, the Court issued an Order Setting Evidentiary Hearing on Exhaustion of Administrative Remedies and Order Granting Plaintiff's Motion for Leave to Conduct Limited Discovery. (Doc. 72.) Specifically, the Court ordered in relevant part:

> Plaintiff's motion for leave to conduct limited discovery (Doc. 69) is GRANTED. Between the date of this order and February 18, 2022, the parties may conduct discovery on the issue of whether the appeals office of California State Prison, Corcoran, provided Plaintiff with notice(s) of the delay in processing his administrative appeal (Log.

No. CSPC-7-18-02210) at the second level of review.

(Doc. 73 at 3, ¶ 6, emphasis in original.)

Following a teleconference held March 7, 2022, and at Plaintiff's request, the evidentiary hearing previously set for March 17, 2022, was continued to April 19, 2022, at 10:30 a.m. (Doc. 84.) During those proceedings, Plaintiff discussed his access to the law library and the parties discussed certain discovery materials relevant to the evidentiary hearing consisting of further documents from the Appeals Office at California State Prison, Corcoran.

Plaintiff now moves to compel discovery he claims is relevant to the forthcoming evidentiary hearing.

### B. Analysis

#### 1. Timeliness

Plaintiff's motion is untimely. The parties were permitted to conduct limited discovery between December 1, 2021, and February 18, 2022, beyond the original discovery deadline, as it concerns the exhaustion of administrative remedies. (*See* Doc. 73.) Plaintiff did not seek to extend the limited discovery deadline beyond February 18, 2022, and he may not do so now. Despite Plaintiff's *pro se* status, he must still follow Court orders and the applicable rules of procedure. *See* Local Rule 183(a). He has not done so.

The Court also notes that Plaintiff was aware of his purported need for the information he now seeks at least as early as February 17, 2022. (Doc. 81-2 at 1-2, ¶¶ 2-3 [Chen Declaration: "On February 17, 2022, I spoke to Plaintiff by phone … Plaintiff indicated he wished to use documents from the Corcoran Appeals Office … and described the documents to me as 'record sheets' or 'activity reports'"].) Plaintiff has not represented to the Court that he propounded written requests for production of this documentation from Defendants at any time during discovery. Defense counsel has declared that she has not "received any written request for discovery" from Plaintiff seeking this documentation. (Doc. 81-2 at 2, ¶ 3.) As such, the record before this Court indicates Plaintiff wished to obtain discovery from Defendants prior to expiration of the limited discovery deadline, but that Plaintiff did not follow the Federal Rules of Civil Procedure or this Court's Local Rules, nor avail himself of the information provided in the

3

1  original Discovery and Scheduling Order issued more than ten months ago. (*See, e.g*., Doc. 51 at
2  1-2 ["all discovery requests must be served at least 45 days before the discovery deadline.
3  Likewise, all motions to compel must be filed on or before the discovery deadline"].)[1]
4       Despite absence of a formal discovery request, defense counsel also previously declared
5  she "provided Plaintiff with a copy of the documents" she obtained following an inquiry to the
6  Corcoran Appeals Office in a letter dated February 28, 2022.[2] (*See* Doc. 82-1 at 2, ¶ 3, 4 [Ex. 1],
7  6-7 [Ex. 8].) It appears that defense counsel acted in good faith and provided Plaintiff with
8  additional documents despite never having received a written formal request from Plaintiff.
9       The Court notes there exists some discrepancy between what documentation Plaintiff now
10 contends he was seeking (Doc. 96 at 3 [worksheets logging time spent on appeal, interviews
11 conducted, correspondence received and sent, names of persons responsible for or working on
12 appeal]) and what defense counsel understood Plaintiff to be seeking (Doc. 81-2 at 1-2, ¶¶ 2-3
13 ["'record sheets' or 'activity reports'"].) Plaintiff could have avoided any ambiguity by engaging
14 in the formal discovery process available to him, i.e., a request for production of documents.
15 Plaintiff failed to do so. Defendants cannot now be compelled to provide discovery Defendants
16 were never formally asked to produce during the applicable discovery period. (*See* Fed. R. Civ. P.
17 34.)
18      Plaintiff's contentions concerning the relevance of the information he seeks are unavailing
19 at this juncture. Plaintiff could have conducted discovery as early as May 2021 and as late as
20 February 18, 2022. Plaintiff wanted information from the Corcoran Appeals Office and yet failed
21 to propound a written request for production of the documents to Defendants within the
22 applicable discovery deadlines.
23 //
24

---

[1] Plaintiff's affidavit in support of the motion expressly states: "I have *informally* requested the materials…" (Doc. 96 at 6, emphasis added.)

[2] Plaintiff provided only defense counsel's letter dated February 25, 2022, as an exhibit to his motion. (*See* Doc. 96 at 2, 8-9.) Plaintiff was served with Defendants' response dated March 4, 2022 (*see* Doc. 81-3 [certificate of service]), wherein defense counsel declares she sent Plaintiff the documentation she was provided by the Corcoran Appeals Office. That same filing included copies of defense counsel's letters to Plaintiff, including the February 28, 2022, letter enclosing the documents defense counsel obtained in response to Plaintiff's informal request.

In sum, to the degree Plaintiff complains he has not been provided the discovery he has identified in the instant motion to compel, the Court will not compel Defendants to provide such discovery, assuming it even exists as alleged by Plaintiff, because Plaintiff has not complied with the Court's orders concerning the applicable discovery deadlines, or with the applicable discovery rules of the Federal Rules of Civil Procedure.

### 2.  Reference to Subpoenas

The Court notes Plaintiff's motion refers to the need for subpoenas in order to obtain the testimony of certain individuals at the evidentiary hearing. (*See* Doc. 96 at 3 ["information is necessary [t]o determine who PLAINTIFF needs to SUBPOENA for the [4/19/22] hearing…As each subpoena will cost plaintiff 40 dollars to issue"], 5 ["so I can bring the people who actually handled the process to court. So testimony at the hearing can be presented"], 6 ["I need this information to provide subpoena's [sic] at the evidentiary hearing" & "ALL PERSONS whom I need to subpoena are department of corrections personnel"].)

In denying Plaintiff's earlier request for subpoenas, the Court explained what information Plaintiff needed to provide this Court to obtain subpoenas to obtain testimony of individuals with information relevant to the question of whether Plaintiff exhausted his administrative remedies prior to filing suit. (*See* Doc. 93 [3/21/22 Order Denying Without Prejudice Request for Subpoenas].) Following review of the instant motion, it does, however, appear Plaintiff intends to request that a subpoena be issued for the testimony of the individual Plaintiff has identified as "APPEAL COORDINATOR D. GORE." (*See* Doc. 96 at 5.)

### III.  CONCLUSION AND ORDER

For the reasons given above, the Court DENIES Plaintiff's "Motion to Compel Discovery" (Doc. 96).

IT IS SO ORDERED.

Dated:   **March 29, 2022**                         /s/ *Sheila K. Oberto*                         
                                                             UNITED STATES MAGISTRATE JUDGE