1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY WILLIAM CORTINAS,

Plaintiff,

v.

VASQUEZ, et al.,

Defendants.

Case No. 1:19-cv-00367-JLT-SKO (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY** (Doc. 98)

**ORDER DENYING MISCELLANEOUS RELIEF BY PLAINTIFF** (Doc. 99)

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.       INTRODUCTION**

This matter is scheduled for an evidentiary hearing on **April 19, 2022, at 10:30 a.m.** (Doc. 84.) The evidentiary hearing involves "material disputes of fact … regarding whether administrative remedies were available to Plaintiff … [and] an evidentiary hearing is necessary to resolve the disputes." (Doc. 72.)

On April 1, 2022, Plaintiff filed a "Motion to Compel Discovery for April 19, 2022 Evidentiary Hearing Scheduled for April 19 2022 at 10:30 A.M. [Federal Rule of Civil Procedure 37]." (Doc. 98.) On that same date, Plaintiff filed a "Request for Specific Date to the April 19, 2022 10:30 A.M. Evidentiary Hearing and Access to the Law Library." (Doc. 99.)

1    **II.     MOTION TO COMPEL (Doc. 98)**

2          Plaintiff's motion was filed April 1, 2022. The motion is dated and signed March 20,

3    2022, and the accompanying proof of service is dated and signed March 21, 2022. (Doc. 98.)

4          Plaintiff's motion seeks the following: (1) "ALL E-MAIL(S) all communications upon the

5    second level administrative appeal;" (2) "ALL RECORDS OF DATES AND TIME spent upon

6    preparation of their second level response;" (3) THE NAMES OF THE PERSON(S) WHO

7    ALLEGEDLY MAILED the notices of exceptional delay and their reasons for these exceptional

8    delays being justified, needed, required;" and (4) The interview(s), persons interviewed, the dates

9    of the interviews, all persons interviewed whether listed in the second level response or not, the

10   dates and time these took place." (Doc. 98 at 1.)

11         Plaintiff contends he did not receive "any NOTICE OF EXCEPTIONAL DELAY(S)

12   AFTER AUGUST 2018," or "any RESPONSES to [his] CDCR 22 forms entitled INMATE

13   REQUEST FOR INTERVIEW(S)." (Doc. 98 at 2.) Plaintiff contends the discovery he seeks will

14   establish CDCR intentionally delayed their responses to frustrate Plaintiff or "cause the appeal to

15   be unavailable to" him. (*Id*.) Plaintiff contends that without this information, both he and the

16   Court "will be at a disadvantage in the search for the TRUTH." (*Id*.)

17         Plaintiff also contends that during the recent teleconference with the Court, defense

18   counsel stated to the Court that she mailed the discovery he requested, but Plaintiff has not

19   received the discovery requested, namely "There was NOT TIME, date E-mails, Showing

20   communication over or about the appeal." (Doc. 90 at 3.) The only document Plaintiff received

21   was a "print-out of alleged dates when exceptional delays were mailed." (*Id*.) Plaintiff claims he

22   "KNOW[S] EVIDENCE EXIST[S] WHICH WILL PROVE THAT THEY JUST SET THE

23   ADMINISTRATIVE APPEAL ASIDE FOR 16 months and did nothing until the attorney

24   generals office called."  (*Id*. at 4.)

25         For the reasons set forth below, Plaintiff's motion will be denied.

26         **A.   Analysis**

27         As previously detailed in the Court's March 29, 2022, "order Denying Plaintiff's Motion

28   to Compel Discovery" (Doc. 97), on May 6, 2021, this Court issued a Discovery and Scheduling

1   Order setting forth discovery procedures and deadlines, including the "deadline for completion of

2   all discovery, including filing motions to compel" on **10/06/2021**." (Doc. 51 at 3, original

3   emphasis.)  On August 27, 2021, the Court issued an Order Granting Defendant's Motion to

4   Modify the Discovery and Scheduling Order and Staying Discovery. (Doc. 59.) The Court

5   extended the deadline to file motions challenging the exhaustion of administrative remedies to

6   "October 5, 2021," and stayed discovery, "except for discovery pertaining to exhaustion of

7   administrative remedies, until the Court rules on Defendants' anticipated exhaustion-based

8   motion for summary judgment." (Doc. 59 at 2, emphasis in original.)

9         Defendants filed their motion for summary judgment on October 5, 2021 (Doc. 63),

10  Plaintiff filed an opposition (Doc. 62, 67) and Defendants filed a reply (Doc. 71).

11        On December 1, 2021, the Court issued an Order Setting Evidentiary Hearing on

12  Exhaustion of Administrative Remedies and Order Granting Plaintiff's Motion for Leave to

13  Conduct Limited Discovery. (Doc. 72.) Specifically, the Court ordered in relevant part:

14        Plaintiff's motion for leave to conduct limited discovery (Doc. 69) is
         GRANTED. Between the date of this order and February 18, 2022,
15       the parties may conduct discovery on the issue of whether the appeals
         office of California State Prison, Corcoran, provided Plaintiff with
16       notice(s) of the delay in processing his administrative appeal (Log.
         No. CSPC-7-18-02210) at the second level of review.
17

18  (Doc. 73 at 3, ¶ 6, emphasis in original.)

19        Following a teleconference held March 7, 2022, and at Plaintiff's request, the evidentiary

20  hearing previously set for March 17, 2022, was continued to April 19, 2022, at 10:30 a.m. (Doc.

21  84.) During those proceedings, Plaintiff's access to the law library was discussed and the parties

22  referenced certain discovery materials relevant to the evidentiary hearing in the form of further

23  documentation from the Appeals Office at California State Prison, Corcoran.

24        Plaintiff again moves to compel discovery he claims is relevant to the forthcoming

25  evidentiary hearing.

26                    **1.   Timeliness**

27        Plaintiff's motion, like his previous motion, is untimely. The parties were permitted to

28  conduct limited discovery between December 1, 2021, and February 18, 2022, beyond the

1  original discovery deadline, relating to the exhaustion of administrative remedies. (*See* Doc. 73.)

2  Plaintiff did not seek to extend the limited discovery deadline beyond February 18, 2022, and he

3  may not do so now. Despite his *pro se* status, Plaintiff must still follow Court orders and the

4  applicable rules of procedure. *See* Local Rule 183(a). Plaintiff makes no effort in this motion to

5  explain why he has not complied with the discovery deadlines and applicable rules. *See, e.g.*,

6  *Harris v. City of Seattle*, 315 F.Supp.2d 1112, 1118-1119 (W.D. Wash. 2004) (Plaintiff was not

7  entitled to compel discovery of nine depositions and documents, where plaintiff had over one year

8  to conduct discovery and noticed the depositions and requested documents on day of discovery

9  deadline.)

10      As noted in this Court's previous order denying the motion to compel, Plaintiff did not

11  propound any written discovery to Defendants. The time for doing so has passed and Plaintiff

12  may not now seek an order of this Court to compel Defendants to produce discovery not formally

13  sought by Plaintiff.  Plaintiff's citation to Federal Rule of Civil Procedure 37 does not aid his

14  position. That rules provides, in relevant part, as follows:

15          **(a) Motion for an Order Compelling Disclosure or Discovery**.

16          *(1) In General*. On notice to other parties and all affected persons, a
            party may move for an order compelling disclosure or discovery. The
17          motion must include a certification that the movant has in good faith
            conferred or attempted to confer with the person or party failing to
18          make disclosure or discovery in an effort to obtain it without court
            action.
19

20          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

21          *(3) Specific Motions*.

22          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

23          (B) To Compel a Discovery Response. A party seeking
            discovery may move for an order compelling an answer,
24          designation, production, or inspection. This motion may be
            made if:

25          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

26          (iv) a party fails to produce documents or fails to
            respond that inspection will be permitted -- or fails to
27          permit inspection -- as requested under Rule 34.

28  Fed. R. Civ. P. 37. Rule 37 concerns the failure to make disclosure or cooperate in discovery and

1    provides for the potential of sanctions for such failures. The rule does not apply in this case as

2    Plaintiff did not engage in proper discovery.

3        Plaintiff did not propound written requests for production of documents to Defendants.

4    *See* Fed. R. Civ. P. 34; *see also James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 694-95

5    (S.D. Fla. Nov. 8, 2006) (District court would not compel plaintiff to produce documents where

6    defense counsel merely requests the records informally without a formal discovery request for

7    production); *Aguilar v. Immigration and Customs Enforcement Div. of U.S. Dept. of Homeland*

8    *Sec.*, 255 F.R.D. 350, 359-60 (S.D.N.Y. Nov. 21, 2008) (Civil rights plaintiff who had not make

9    formal request for discovery of metadata when they initially sought discovery of defendant

10   federal agency's responsive electronic mail messages, and had delayed making such request until

11   agency's process of harvesting e-mails was largely complete, were not entitled to compelled

12   retransmittal of responsive emails); *Schwartz v. Marketing Pub. Co*., 153 F.R.D. 16, 21 (D. Conn.

13   Jan. 21, 1994) (Plaintiff not entitled to order to compel production of documents where

14   documents were not requested pursuant to discovery rules); *Grissom v. N.L.R.B.*, 364 F.Supp.

15   1151, 1153-54 (M.D. La. Oct. 15, 1973) (Federal district court would not entertain employer's

16   motion to compel production of documents from the NLRB until such time as employer made a

17   request for such documents pursuant to Fed. R. Civ. P. 34 and was improperly refused). Thus,

18   Defendants cannot be said to have failed to produce documents sought by Plaintiff, and Plaintiff

19   may not properly seek an order compelling Defendants to do so. Moreover, Rule 37 sanctions are

20   inapplicable where this Court has not found Defendants committed a discovery violation. *See,*

21   *e.g.*, *Sokos v. Hilton Hotels, Corp.*, 283 F.Supp.2d 42, 55 (D.D.C. 2003).

22       As previously noted in this Court's Order denying the previous motion to compel,

23   Plaintiff's contentions concerning the relevance of the information he seeks are unavailing.

24   Plaintiff could have conducted discovery as early as May 2021, and as late as February 18, 2022.

25   Although Plaintiff seeks information from the Corcoran Appeals Office, he failed to propound

26   written requests for production of the documents to Defendants within the applicable discovery

27   period.

28       In sum, the Court will not compel Defendants to provide the discovery Plaintiff–

1   assuming it even exists–because Plaintiff has complied with neither the Court's orders concerning

2   the applicable discovery deadlines, nor the applicable discovery rules of the Federal Rules of

3   Civil Procedure.

4           **III.    REQUEST FOR LIBRARY ACCESS**

5         Plaintiff has also filed a "Request for Specific Date to the April 19, 2022 10:30 A.M.

6   Evidentiary Hearing and Access to the Law Library." (Doc. 99.) This request, like Plaintiff's

7   request filed on March 21, 2022 (Doc. 94), seeks an order from the Court specifically referencing

8   the April 19, 2022, evidentiary hearing, emailed "to the PRISON LITIGATIONS OFFICE"

9   directing that Plaintiff be allowed Priority Library User (PLU) status through April 19, 2022.

10  (Doc. 99 at 1-2.)  Plaintiff's request will be denied.

11        On March 24, 2022, this Court issued an Order Denying Without Prejudice Plaintiff's "Ex

12  Parte" Request. (*See* Doc. 95.) Plaintiff now makes the same request. He again seeks written

13  proof of the evidentiary hearing set for April 19, 2022, at 10:30 a.m., and an order from this Court

14  directing the prison to provide him with PLU law library access.

15        As noted in the Court's previous order, the Court has issued a number of orders that

16  reference the fact this matter is set for an evidentiary hearing on April 19, 2022. (*See* Docs. 84,

17  91, 92, 93, 95, 97.) Plaintiff has been served with the documentation, and in one instance, the

18  prison litigation coordinator was served via email with the Writ of Habeas Corpus ad

19  Testificandum (Doc. 92) requiring Plaintiff's presence at the April 19, 2022, evidentiary hearing.

20  The previous order also advised Plaintiff that he was required to "establish he has complied with

21  the required procedure for obtaining or extending PLU status and has been denied PLU status by

22  the institution." (Doc. 95 at 3.) Plaintiff fails to establish that he complied with the institution's

23  procedure to obtain or extend PLU status and that his request was denied. The Court will not

24  issue an order directing the prison to take any action without such a showing.

25          **IV.    CONCLUSION AND ORDER**

26        For the reasons set forth above, the Court HEREBY ORDERS that:

27       1.  Plaintiff's "Motion to Compel Discovery for April 19, 2022 Evidentiary Hearing

28             Scheduled for April 19 2022 at 10:30 A.M. [Federal Rule of Civil Procedure 37]"

(Doc. 98) is DENIED; and

2.  Plaintiff's "Request for Specific Date to the April 19, 2022 10:30 A.M. Evidentiary Hearing and Access to the Law Library" (Doc. 99) is DENIED.

IT IS SO ORDERED.

Dated:   **April 4, 2022**                       */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE