UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VASQUEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER REGARDING LODGED SUBPOENA**<br><br>(Doc. 103) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

This matter is scheduled for an evidentiary hearing on April 19, 2022, at 10:30 a.m. (Doc. 84.) The evidentiary hearing involves "material disputes of fact … regarding whether administrative remedies were available to Plaintiff … [and] an evidentiary hearing is necessary to resolve the disputes." (Doc. 72.)

On April 1, 2022, Plaintiff submitted a subpoena duces tecum which was lodged with the Court on April 5, 2022. (Doc. 103.) For the reasons given below, the lodged subpoena is invalid.

//

//

//

## II. DISCUSSION

Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Although Rule 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it," the subpoena is subject to the relevance requirements set forth in Rule 26(b) and may require the production of documents which are "nonprivileged" and "relevant to any party's claim or defense and proportional to the needs to the case." Fed. R. Civ. P. 26(b)(1).

### A. The Lodged Subpoena Was Not Issued by the Clerk nor Signed by an Attorney

Federal Rule of Civil Procedure 45 provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3).

Here, the lodged subpoena was not issued by the Clerk of the Court, "signed but otherwise blank." Instead, Plaintiff filled out the subpoena and the section reserved for the Clerk or Deputy Clerk's signature is blank. Plaintiff also signed the subpoena in the section allowing for issuance by an attorney authorized to practice in this Court. Plaintiff is not an attorney and pro se litigant status does not equate to that of an attorney authorized to practice law. Therefore, Plaintiff may not issue and sign a subpoena. *See Cramer v. Target Corp.*, No. 1:08-CV-1693-OWW-SKO, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a pro se plaintiff was "not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed. R. Civ. P. 45(a)(3)"); *Gonzales v. Alameida*, No. CV F 06 1417 OWW WMW P, 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) ("[A] party appearing in pro per can not issue a subpoena."); *Jackson v. Woodford*, Civil No. 05cv513 L(NLS), 2007 WL 2023551, at *1, 3 (S.D. Cal. July 11, 2007) (finding that subpoenas were not properly issued, where the clerk of court sent the subpoena forms to a pro se plaintiff, but did not sign and issue the subpoenas).

For the reasons given the above, the subpoena lodged with the Court is invalid.

### B. The Lodged Subpoena Seeks the Production of Documents

The lodged subpoena seeks the production of documents from an individual identified as "D. Gore [California State Prison Corcoran Appeal Coordinator]." D. Gore is commanded to produce the following: "ALL E-MAIL(S), COMMUNICATIONS, RECORDS, INTERVIEW(S) however preserved on log numbers 18-2210, 18-2208, 18-2286; ALL MATERIAL RELEATED [sic] TO THESE ADMINISTRATIVE APPEALS up through 2022 MARCH 24." (*See* Doc. 103 at 1.)

Plaintiff has indicated in other filings that he seeks documentation to use as evidence at the upcoming evidentiary hearing. The Court has found his various requests to be untimely. The evidentiary hearing was set to address the issue of administrative exhaustion and testimony from Plaintiff in this regard is most relevant to the issue. Plaintiff may testify as to what documents he did or did not receive.

Should Plaintiff wish to subpoena D. Gore to testify at the upcoming evidentiary hearing, this testimony appears to be relevant. However, Plaintiff is reminded that witness fees may be required (*see* Doc. 93 at 4 [Order Denying Without Prejudice Request for Subpoenas dated 3/21/22]), and, as noted below, service of any valid subpoena issued to a non-party pursuant to Federal Rule of Civil Procedure 45 requires the subpoena be personally served.

### C. The Lodged Subpoena Seeks an Inspection of Premises

A review of the lodged subpoena reveals Plaintiff has checked the box for "Inspection of Premises." That section reads: "YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any other designated object or operation on it." (*See* Doc. 103 at 1.) This section does not apply to an evidentiary hearing. This section applies to cases involving requests to inspect real property that is the subject of a dispute. The relevant issue at the evidentiary hearing is whether Plaintiff exhausted his administrative remedies before filing suit–which has nothing to do with real property.

### D. Service of the Lodged Subpoena

Service of a subpoena is governed by Federal Rule of Civil Procedure 45(b)(1) which states that a subpoena may be served by "[a]ny person who is at least 18 years old and not a party," and "[s]erving a subpoena requires delivering a copy to the named person...." Fed. R. Civ. P. 45(b)(1).

Here, Plaintiff is a party to the action and therefore cannot serve the subpoena. Therefore, Plaintiff's purported service of the lodged subpoena via U.S. Mail on March 27, 2022, to "D. Gore Appeals Coordinator" (Doc. 103 at 2)[1] is invalid and improper.

Plaintiff is proceeding *in forma pauperis*. Consequently, pursuant to 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). This provision requires the United States Marshals Service ("USMS") to serve an indigent party's subpoena duces tecum, including by personal service. *See Modica v. Russell*, No. 2:15-cv-00057, 2015 WL 13653879, at *2 (E.D. Cal. Sept. 18, 2015) (a plaintiff proceeding IFP is entitled to obtain personal service of an authorized subpoena by the USMS because Fed. R. Civ. P. 45 requires a subpoena to be personally served); *James v. Scribner*, No. 1:04-CV-5878 LJO DLB P, 2008 WL 3318879, at *1 (E.D. Cal. Aug. 11, 2008) ("As plaintiff is proceeding pro se and in forma pauperis, he is entitled to service of the subpoena by the United States Marshal [pursuant to 28 U.S.C. § 1915(d) ]").

Although Plaintiff is entitled to the service of a valid subpoena by USMS, the lodged subpoena is invalid for the reasons stated above and therefore will not be provided to the USMS for service. Additionally, given the fact the evidentiary hearing is less than two weeks away, the USMS may not be able to serve even a valid subpoena, were a valid subpoena to be submitted at this late date.

//

//

---

[1] Plaintiff also served defense counsel and the "prison litigation office" at Corcoran state prison via U.S. Mail. (Doc. 103 at 2.)

4

Finally, to the extent Plaintiff's lodged subpoena can be interpreted as an effort to seek additional discovery, it is improper. As noted in this Court's March 21, 2022, Order, the deadline for the completion of discovery has passed. (*See* Doc. 93 at 4-5.)

### III.    CONCLUSION

For the reasons set forth above, the lodged subpoena submitted by Plaintiff on April 1, 2022, is invalid. The lodged subpoena will not be filed, issued or re-issued by the Clerk of the Court, or served by the USMS.

Because Plaintiff is unlikely to receive a copy of this Order before the end of the week through the regular course of institutional mail, and because the evidentiary hearing in this matter is set in the next two weeks, the Court directs Defendants to serve a courtesy copy of this Order to Plaintiff via email to the Litigation Coordinator at Plaintiff's current institution.

IT IS SO ORDERED.

Dated:   **April 7, 2022**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE