UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VASQUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR 45-DAY CONTINUANCE AS MOOT**<br><br>(Doc. 106) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　DISCUSSION**

On April 11, 2022, Plaintiff filed "Plaintiffs Motion For A Continuance Of 45 days with a new discovery order for the limited purpose of exhaustion of administrative remedies." (Doc. 106.) The motion is dated and signed April 6, 2022. (*Id*. at 2.)

Plaintiff's motion is moot in light of the Court's Order issued on April 8, 2022. (Doc. 105.) That Order continued the evidentiary hearing to June 22, 2022, at 10:00 a.m. (*Id*.) The Order also directed Defendants to file a response to Plaintiff's earlier request dated April 4, 2022, (Doc. 100 [Ex Parte Motion for Subpoena Duces Tecum]), by no later than April 15, 2022, and provides Plaintiff until April 29, 2022, to file a reply. (*Id*.)

To the extent Plaintiff states he cannot afford the fees required to accompany a subpoena due to his indigency, Plaintiff is reminded that proceeding *in forma pauperis* ("IFP") does not mean he is entitled to proceed without incurring costs. Plaintiff is obligated to pay witness fees and/or costs and to tender payment concurrently with the subpoena.[1] *See Tedder v. Odel*, 890 F.3d 210, 211-212 (9th Cir. 1989); *Tabron v. Grace*, 6 F.3d 147, 159-60 (3d Cir. 1993) ("[a]s a general rule, indigent litigants bear their own litigation expenses").  In light of the continuance of the evidentiary to June 22, 2022, Plaintiff now has additional time within which to save or obtain the necessary funds— should the Court determine issuance of a subpoena is appropriate.

## II.     CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's motion for a continuance (Doc. 106) is DENIED as moot.

IT IS SO ORDERED.

Dated:   **April 13, 2022**                         /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] As another example, a *pro se* plaintiff proceeding IFP must pay the necessary fees associated with a subpoena for a witness to attend a deposition by written questions. *Shepherd v. Neuschmid*, Case No. 2:19-cv-0084 JAM DB P, 2021 WL 117915 at *7 (E.D. Cal. Mar. 29, 2021) ("Plaintiff's in forma pauperis status does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript").