UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VASQUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER DENYING REQUEST FOR SUBPOENA DUCES TECUM (Doc. 100)**<br><br>**ORDER DENYING EX PARTE REQUEST FOR SERVICE OF SUBPOENA DUCES TECUM FOR RECORDS AND DENYING REQUEST TO REOPEN DISCOVERY (Doc. 111)**<br><br>**ORDER DENYING PLAINTIFF'S RENEWED REQUEST FOR DISCOVERY (Doc. 112)** |

Plaintiff, Larry William Cortinas, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

This matter is currently scheduled for an evidentiary hearing on **August 2, 2022**, **at 10:00 a.m.** Pending before the Court are three requests by Plaintiff concerning discovery he contends is necessary and relevant to the evidentiary hearing.

On April 4, 2022, Plaintiff filed an "Ex Parte Request for Subpoena Duce[s] Tecum for April 19, 2022 at 10:30 a.m. upon the Corcoran Appeals Coordinator D. Gore Jr. Records Only

1  Request" ("Request") (Doc. 100).  The Court construed Plaintiff's filing as a request for issuance
2  of a subpoena to D. Gore Jr., to produce documents at the evidentiary hearing, and in an order
3  issued April 8, 2022, Defendants were directed to file a response to Plaintiff's request no later
4  than April 15, 2022. (Doc. 105.)

5  On April 15, 2022, Defendants filed their response. (Doc. 109.) On April 29, 2022,
6  Plaintiff filed a reply. (Doc. 113.) Before filing his reply, on April 18, 2022, Plaintiff also filed an
7  "Ex Parte Request for Service of Subpoena Duce Tecum for Records in Preparation of
8  Evidentiary Hearing Scheduled for June 22, 2022, or Opening of Discovery for the Hearing on a
9  Limited Scope until May 30, 2022" (Doc. 111) and a document titled "Plaintiff Renews His
10 Request for Discovery as the Evidentiary Hearing Has Been Moved to June 22, 2022. Said Order
11 was Denied April 4, 2022" (Doc. 112).

12 For the reasons stated below, the Court denies Plaintiff's requests.

13 **II.     DISCUSSION**

14 **A. Request Filed April 4, 2022 (Doc. 100)**

15 **i.      Plaintiff's Request**

16 As he has done previously, Plaintiff seeks records from D. Gore, Jr., Appeals Coordinator,
17 regarding a physical and sexual assault of April 30, 2018. (Doc. 100 at 1.) Plaintiff contends "all
18 communications," including "all E-mails … and interviews . . . The timing of those materials and
19 how and when they were gathered." (*Id*.) Plaintiff states the records are "essential to [his] ability
20 to show that CDCR made the administrative remedy unavailable" by withholding a "response for
21 16 months." (*Id*.) Plaintiff contends officials "intentionally used an CDCR 1824 form as an
22 appeal and never addressed sergeant Vasquez's threat to kill" Plaintiff and his family. (*Id*.)
23 Plaintiff "believe[s] that E-mails will reveal exactly how dirty this appeal process was made in an
24 effort to protect" corrupt CDCR officers; he contends "Defendants have lied to their attorney
25 from the beginning." (*Id* at 2.) Plaintiff concludes the issuance of the subpoena "will force their
26 hand in this issue." (*Id*.)

27 //
28 //

### ii. Defendants' Response

Defendants contend the Court should deny Plaintiff's request because (1) the documents are not relevant to whether the appeals process was unavailable, (2) defense counsel has already agreed to provide Plaintiff with certain documents via informal discovery, and (3) Defendants intend to call the current Appeals Coordinator to testify at the evidentiary hearing and Plaintiff will be afforded an opportunity to cross-examine at that time. (Doc. 109.)

As to Defendants' first basis for denial of the request, Defendants contend the documents are not relevant because Defendants provided Plaintiff with notices informing him of delay during the period in question, and, therefore, remedies remained available despite the reason for delay. (*Id*. at 3.) Defendants acknowledge Plaintiff contends he never received notices of delay, but contend Plaintiff's requests for the issuance of a subpoena are not relevant because they simply speculate regarding the reason for the delay. (*Id*.) Defendants contend the "only dispute is whether Plaintiff received the notices prison officials sent him informing him of the delay." (*Id*.)

Defendants further contend they have "already provided evidence that the appeal response was delayed," citing to their statement of undisputed facts in support of the motion for summary judgment. (*Id*. at 3-4.) Defendants also assert Plaintiff's request for "'E-Mails'" is disproportionate to the needs of the case considering the burden outweighs the likely benefit – as such a request would "require identifying custodians, requesting their electronic emails, and reviewing emails for potentially responsive information and privileged materials." (*Id.* at 4.)

As to Defendants' second contention, defense counsel has already agreed to <u>provide</u> Plaintiff with certain documents via informal discovery, if available and not otherwise privileged. (Doc. 109 at 4.)

As to Defendants' third basis for denial of the request, Defendants contend Plaintiff's request is unnecessary because Plaintiff will have an opportunity to cross-examine the Appeals Coordinator at the evidentiary hearing. (Doc. 109 at 4.)

### iii. Plaintiff's Reply

In his reply, Plaintiff contends the records he seeks are necessary and proposes an in camera review concerning relevancy. (Doc. 113 at 1.) Plaintiff contends the records "come with

3

information necessary to impeach and or dispute the records which the appeal coordinator who 'DID NOT' prepare the records at issue can only testify as to what is in the computer…Not to the materials that were used to prepare the appeal." (*Id*.) He further contends the current Appeals Coordinator cannot "testify to E-MAILS related to" his appeal "and the other attempted cancelled appeals which were appealed." (*Id*.) Plaintiff contends Defendants' claims that they followed procedures, particularly "title 15 section 3084.9 subsection 5 & 6" are incorrect because those sections "clearly state that after 180 days or 160 days of exceptional delays . . . the appeals is considered DENIED and claimant should proceed to the next Level." (*Id* at 1-2.)

In his supporting points and authorities, Plaintiff contends that "when the coordinator failed to ensure that their notices were received VIA LEGAL MAIL … or even U.S. MAIL they failed to provide[] proper notification." (Doc. 113 at 2.) Plaintiff contends Defendants "failed to allow the administrative appeal regarding the sexual assault to be filed [M]ay 1, 2018" and "[t]hey turned a 1824 A.D.A. complaint into a grievance . . when it clearly states NOT AN APPEAL on the form." (*Id*.) Plaintiff states:

> I believe there are E-MAIL(S) and other records which will prove that C.D.C.R. was well aware of the problem. .and entered into a cover up mode of protection for the defendants. . . ONLY THE SUBPOENA'D duces Tecum record will force this to the LIGHT. . . Which will prove the availability of the administrative remedy was not available. . . INTENTIONALLY. . therefore the motion for plaintiff must be granted to ensure JUSTICE and the TRUTH come to light.

(*Id*. at 2.)

Plaintiff also objects to Defendants' response because Plaintiff did not receive it until April 22, 2022, at 4 p.m. and believes it to be "yet another attempt to sandbag" him. (Doc. 113 at 3.) Plaintiff repeats his contentions that the requested documentation is relevant, that if there is a question as to relevance the documents can be reviewed in camera, that the materials "are necessary to impeach the appeal coordinator and go directly to the unavailability of exhaustion of the administrative remedy," and that the present coordinator "WILL NOT HAVE DIRECT KNOWLEDGE," "WILL NOT BE ABLE TO TELL US HOW, WHEN, WHY THE appeal was held for 16 months after the JUNE 1st 2018 answer and they the word amended was added to the

4

exact same worded document…," leaving Plaintiff "unable to impeach" the Appeals Coordinator. (*Id*. at 3-4.)

### iv. Analysis

The documents Plaintiff seeks are not relevant because the availability of the administrative remedy can be resolved at the evidentiary hearing without additional documentation. Plaintiff's contentions to the contrary are nothing more than speculation.

Whether the administrative remedy was available to Plaintiff can be resolved by consideration of the evidence Plaintiff may offer–that he did not receive notice of the delays associated with CSPC-7-18-02210–and consideration of the evidence Defendants intend to offer–that Plaintiff did receive notice of the delays.[1] And, whether prison officials complied with the applicable regulations can also be resolved without the information Plaintiff seeks. If the regulation requires notice as Plaintiff contends – via "LEGAL MAIL" or U.S. Mail[2] – emails and interviews regarding the "timing" or how the materials were gathered are not relevant. Resolution of the issue will turn on the testimony offered by Plaintiff that he did not receive the notices of delay and defense witness testimony that Plaintiff did receive such notice. Plaintiff will have an opportunity to cross-examine Defendants' witnesses–and Plaintiff may inquire into the manner in which the notices were purportedly delivered to him–and to potentially impeach this testimony.

Plaintiff takes issue with Defendants' stated intent to call the current Appeals Coordinator at California State Prison, Corcoran, J. Mendez, as a witness at the evidentiary hearing, contending Mendez lacks personal knowledge. Plaintiff cannot dictate who Defendants call as witnesses at the evidentiary hearing. As Plaintiff has been previously advised, if he wishes D. Gore Jr.[3] to testify at the evidentiary hearing, it is Plaintiff's responsibility to seek issuance of a

---

[1] In their motion for summary judgment, Defendants argue "twelve notices were provided to Plaintiff …." (Doc. 61 at 10.)

[2] In their motion for summary judgment, Defendants have provided copies of the June 19, 2018, August 2, 2018, September 11, 2018, October 24, 2018, December 7, 2018, and January 24, 2019, March 8, 2019, April 19, 2019, June 4, 2019, July 12, 2019, August 28, 2019, and October 10, 2019 notices of exceptional delay, citing complexity of the decision, action, or policy, in the form of Memorandum directed to "Cortinas, P09908." (*See* Doc. 64-1 at 16-28, Ex. D.)

[3] D. Gore Jr. has apparently retired or resigned from the California Department of Corrections and Rehabilitation.

5

subpoena for Gore's testimony *and* to pay any witness fees or costs. (*See* Doc. 93 at 4 [Order dated 3/21/22].)

**B. Request Filed April 18, 2022 (Doc. 111)**

Plaintiff seeks issuance of a subpoena for "records only," or, alternatively, he asks the Court to "OPEN[] BACK UP THE DISCOVERY PERIOD FOR THE ITEMS SOUGHT IN THE SUBPOENA." (Doc. 111 at 1.) Plaintiff contends good cause exists because from "November 15, 2021" until "MARCH 4th 2022" he was in quarantine and, therefore, had no law library access. (*Id*.) Plaintiff asks "for a fee waiver for sheriff's service or in the alternative for the COURT CLERK TO E-MAIL or FAX the subpoena to the prison litigation coordinator" at Corcoran State Prison, who can then "gather the records and e-mail or fax them to the prison litigation coordinator" at his present facility. (*Id.* at 2.) Plaintiff contends the alternative "poses no undue hardship" "as they contact each others office and assist each other in the course of monthly bus[i]ness." (*Id*.)

Plaintiff appended a subpoena form directed to "D. GORE Jr" at "CALIFORNIA STATE PRISON CORCORAN APPEALS COORDINATOR" seeking production of the following:

> ALL E-MAIL(S) COMMUNICATIONS, RECORDS, INTERVIEWS HOWEVER PRESERVED ON LOG NUMBERS 18-2210, 18-2208, 18-2286, ALL MATERIAL REL[]ATED TO THESE ADMINISTRATIVE APPEALS up through 2022 APRIL 30

(*Id*. at 3.)

**i. Analysis**

For the reasons explained below, discovery will not be "reopened." The documentary evidence Plaintiff seeks–email communications, records, and interviews–will not resolve the issue of whether Plaintiff received notice of the delays, thus making the administrative remedy unavailable to him. These matters can be resolved by testimony of the current Appeals Coordinator at the evidentiary hearing. Additionally, as discussed above, if Plaintiff wishes to offer the testimony of D. Gore Jr., he may follow the proper process for doing so as previously addressed by this Court. (*See* Doc. 93 at 4 [Order dated 3/21/22].)

Here, the Discovery and Scheduling Order originally issued in this matter on May 6, 2021.

(Doc. 51.) The order included a discovery cut-off deadline of October 6, 2021. (*Id*. at 3.) Plaintiff propounded written discovery on May 9, 2021 (Request for Radio Traffic), May 26, 2021 (Interrogatories to Vasquez & Washington/Requests for Production of Documents to Vasquez & Washington/Request for Admissions to Vasquez & Washington), May 31, 2021 (Admission to Washington), June 7, 2021 (Request for Production of DOM 2021) and June 17, 2021 (Interrogatories to Washington). (*See* Doc. 53 at 3.)[4]

On August 30, 2021, Defendants' motion to modify the Discovery and Scheduling Order (Docs. 55, 58) was granted. (Doc. 59.) The deadline for filing motions challenging the exhaustion of administrative remedies was extended to October 5, 2021;[5] all merits-based discovery was then stayed pending the outcome of Defendants' motion for summary judgment. (*Id*. at 2.)

On December 2, 2021, the Court granted Plaintiff's motion for leave to conduct limited discovery. (*See* Doc. 72 at 1.) The Court ruled, in pertinent part: "Plaintiff's motion for leave to conduct limited discovery (Doc. 69) is GRANTED. <u>Between the date of this order and February 18, 2022</u>, the parties may conduct discovery on the issue of whether the appeals office of California State Prison, Corcoran, provided Plaintiff with notice(s) of the delay in processing his administrative appeal (Log. No. CSPC-7-18-02210) at the second level of review." (*Id*. at 3, underline in original.)

During the period between December 2, 2021 and February 18, 2022, Plaintiff did not seek any extension of time of the deadline for conducting limited discovery.

On February 18, 2022, Plaintiff filed a motion for a court order to access the law library, referencing his January 7, 2022, transfer to the California Medical Facility and his subsequent quarantine. (Doc. 79 at 1.) Plaintiff made no mention of a quarantine in effect that prohibited his access prior to that date. One can readily discern from Plaintiff's concluding sentence that he did in fact have access to the law library before the move: "Perhaps the transfer from a NON-COVID facility was apart of their plan to escape accountability." (*Id*.) Therefore, at a minimum, Plaintiff

---

[4] Defendants were granted an extension of time within which to file responses to Plaintiff's written discovery requests. (Doc. 56.)

[5] Plaintiff filed objections to the request, claiming Defendants' request was a "delay tactic." (Doc. 60.)

7

had between December 2, 2021, and January 7, 2022, within which to seek additional discovery. Thus, to the degree Plaintiff contends good cause exists to reopen discovery because he was quarantined and without access to the law library between November 15, 2021, and March 4, 2022, a review of the docket in this matter reveals Plaintiff's contention lacks merit.

As to Plaintiff's request for a "fee waiver," as this Court has previously explained (*see* Doc. 104 at 4 [Order dated 4/7/22]), pursuant to 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). This provision requires the United States Marshals Service ("USMS") to serve an indigent party's subpoena duces tecum, including by personal service. *See Modica v. Russell*, No. 2:15-cv-00057, 2015 WL 13653879, at *2 (E.D. Cal. Sept. 18, 2015) (a plaintiff proceeding IFP is entitled to obtain personal service of an authorized subpoena by the USMS because Fed. R. Civ. P. 45 requires a subpoena to be personally served); *James v. Scribner*, No. 1:04-CV-5878 LJO DLB P, 2008 WL 3318879, at *1 (E.D. Cal. Aug. 11, 2008) ("As plaintiff is proceeding pro se and in forma pauperis, he is entitled to service of the subpoena by the United States Marshal [pursuant to 28 U.S.C. § 1915(d) ]"). Briefly stated, service of a properly issued subpoena duces tecum in a civil rights action brought by a *pro se* prisoner proceeding IFP will be served at no expense to the prisoner by the USMS. However, if the subpoena involves the testimony of a witness, rather than the production of documents, the prisoner plaintiff must pay any associated witness fees and costs and provide those fees and costs prior to service. Witness fees cannot be waived. *Tedder v. Odel*, 890 F.3d 210, 211-212 (9th Cir. 1989); *see also* Doc. 93 at 4 [Order dated 3/21/22].)

In any event, because Plaintiff's request for a subpoena duces tecum will be denied, his request is disregarded.

### C.  Request Filed April 18, 2022 (Doc. 112)

Finally, Plaintiff seeks to "open Discovery for the LIMITED PURPOSE of the EVIDENTIARY HEARING." (Doc. 112 at 1.) Plaintiff contends he could "submit to the deputy attorney general Janet Chen the request for the exact same items" denied in this Court's April 4,

2022, order. (*Id*.) Plaintiff contends the subpoena is "for the records only. No one would have to travel to the hearing." (*Id*.) Plaintiff appended a copy of the Order Denying Plaintiff's Motion Compel Discovery (Doc. 98) and Order Denying Miscellaneous Relief by Plaintiff (Doc. 99). (Doc. 112 at 2-8.)

As noted above, Plaintiff was previously afforded an opportunity to conduct additional discovery, limited to the issue associated with the evidentiary hearing. Plaintiff waited until the final day of the limited discovery period–February 18, 2021–before moving for a court order for access to the law library. (Doc. 79.) Plaintiff did not seek an extension of the deadline.

As discussed in this order, the materials Plaintiff seeks are also not relevant to the issues at the evidentiary hearing. Additionally, defense counsel has indicated she will provide Plaintiff with some of the information he seeks by way of informal discovery, assuming it exists and is not otherwise privileged. (*See* Doc. 109 at 6, ¶ 2.)

### III.    CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request filed April 4, 2022 (Doc. 100) is DENIED;
2. Plaintiff's request filed April 18, 2022 (Doc. 111) is DENIED; and
3. Plaintiff request filed April 18, 2022 (Doc. 112) is DENIED.

No further discovery concerning the subject of the exhaustion of administrative remedies and whether the remedy was unavailable is necessary. The Court will not entertain any future requests for "reopening" discovery or the issuance of a subpoena to produce documents as it has addressed these matters several times and any further similar requests by Plaintiff would be futile for the reasons explained above.

At the Evidentiary Hearing of August 2, 2022, Plaintiff will have an opportunity to present evidence and will have an opportunity to cross-examine any witnesses called by Defendants. Should Plaintiff elect to call D. Gore Jr. as a witness at the evidentiary hearing, it is Plaintiff's responsibility to present a properly prepared subpoena to the Court for consideration, well in advance of August 2, 2022, that, if issued, would allow for service by the USMS. The subpoena must include any witness fees and/or costs owed to the witness so that payment of those

9

fees can be provided at the time of service.

The parties will continue to follow the deadlines identified in this Court's April 18, 2022, order concerning arrangements for Plaintiff's participation via Zoom videoconference, meet and confer efforts concerning documentary evidence, identifying documentary evidence, and providing an exhibit list. (*See* Doc. 110 at 2.)

IT IS SO ORDERED.

Dated:   **May 11, 2022**                           /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE