UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>  Plaintiff,<br><br>v.<br><br>VASQUEZ, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER DIRECTING DEFENDANTS TO FILE SUPPLEMENTAL BRIEFING WITHIN 30 DAYS CONCERNING THE APPLICABILITY OF *SADDOZAI V. DAVIS* TO THE PENDING MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**ORDER VACATING EVIDENTIARY HEARING SET FOR AUGUST 2, 2022** |

Plaintiff, Larry William Cortinas, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

This matter is scheduled for an evidentiary hearing on **August 2, 2022**, **at 10:00 a.m.**

On May 23, 2022, the Ninth Circuit Court of Appeals decided *Saddozai v. Davis*, No. 20-17519. The appellate court reversed the district court's dismissal of a prisoner civil rights complaint for a lack of exhaustion under the Prison Litigation Reform Act.

Because the decision may affect the pending summary judgment motion and the need for an evidentiary hearing, Defendants will be ordered to file supplemental briefing. Additionally, the Court will vacate the evidentiary hearing set for August 2, 2022.

## II. BRIEF PROCEDURAL HISTORY

Plaintiff filed his original complaint on March 13, 2019. (Doc. 1.) The Court issued its first screening order on August 21, 2019 (Doc. 11), and Plaintiff filed a first amended complaint on September 3, 2019 (Doc. 12).

On February 4, 2020, following screening of the first amended complaint, Plaintiff was directed to file a second amended complaint, or to notify the court that he wished to proceed on the cognizable Eighth Amendment excessive force claim against Defendants. (Doc. 14.) Plaintiff filed a second amended complaint on February 12, 2020. (Doc. 15.)

On March 23, 2020, the undersigned issued Findings and Recommendations, recommending that Plaintiff's claim under the Americans with Disability Act and the Rehabilitation Act be dismissed, and that Plaintiff's excessive force, sexual assault, and deliberate indifference to serious medical needs claims against Defendants be allowed to proceed. (Doc. 16.) On May 11, 2020, District Judge Dale A. Drozd adopted the Findings and Recommendations in full. (Doc. 19.)

On October 8, 2020, Defendants Fisher, Ramos, Vasquez, and Washington answered the second amended complaint. (Doc. 29.)

On October 15, 2021, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit as required by the Prison Litigation Reform Act. (Doc. 61.) Plaintiff filed an opposition (Doc. 67), and Defendants filed a reply (Doc. 71). The Court set the matter for an evidentiary hearing on the exhaustion of administrative remedies and allowed for limited discovery of the issue. (Doc. 72.)

Following several continuances, the evidentiary hearing was set for August 2, 2022, at 10:00 a.m. before the undersigned. (Doc. 110.)

## III. DISCUSSION

On May 23, 2022, the Ninth Circuit Court of Appeals issued its opinion in *Saddozai v. Davis*, No. 20-17519. The decision addresses the relevant pleading to be considered for purposes of a Prison Litigation Reform Act (PLRA) exhaustion analysis. In *Saddozai*, the Ninth Circuit determined the district court erred in dismissing the action because the plaintiff had not exhausted

his administrative remedies when he filed his initial complaint; the appellate court held plaintiff's third amended complaint was the operative complaint and thus controlled the PLRA analysis. Because the parties agreed the plaintiff had fully exhausted his administrative remedies at the time he filed the operative and amended complaint, the matter was remanded for further proceedings.

Here, Defendants' pending motion for summary judgment concerns the exhaustion of administrative remedies. The evidentiary hearing was set to explore and determine whether administrative remedies were available to Plaintiff when he filed this action. Because *Saddozai v. Davis* appears to affect Defendants' pending motion, in whole or in part, Defendants will be directed to file supplemental briefing addressing the application of *Saddozai* to their motion for summary judgment and the exhaustion of administrative remedies.

## IV.  CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The evidentiary hearing scheduled for August 2, 2022, at 10:00 a.m., is **VACATED**;
2. Defendants are **DIRECTED** to file supplemental briefing addressing the applicability of *Saddozai v. Davis*, Ninth Circuit Court of Appeals Case No. 20-17519, to their pending motion for summary judgment for a failure to exhaust administrative remedies, **by no later than June 30, 2022**;
3. Plaintiff shall have until **July 29, 2022,** to file any opposition or statement of non-opposition; and
4. The Clerk of the Court is directed to serve the parties with a courtesy copy of the attached *Saddozai v. Davis* opinion.

The Court will reset the evidentiary hearing following a review of the parties' briefs, if appropriate.

IT IS SO ORDERED.

Dated:   **June 6, 2022**          /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE

3