1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY WILLIAM CORTINAS,                    Case No. 1:19-cv-00367-JLT-SKO (PC)

12                      Plaintiff,               **ORDER DENYING PLAINTIFF'S**
                                                 **MOTION FOR LEAVE TO FILE THIRD**
13            v.                                 **AMENDED COMPLAINT**

14    VASQUEZ, et al.,                           (Doc. 88)

15                      Defendants.

16

17           Plaintiff, Larry William Cortinas, is proceeding *pro se* and *in forma pauperis* in this civil

18    rights action pursuant to 42 U.S.C. § 1983.

19           **I.      INTRODUCTION**

20           On March 11, 2022, Plaintiff filed a document entitled "Plaintiff Seeks The Courts

21    Permission To File This Attached Amended Complaint Rule 15.(2) In The Interest Of Justice

22    From The Court." (Doc. 88.) That same date, Plaintiff lodged a third[1] amended complaint. (Doc.

23    89.) Defendants did not file an opposition or statement of non-opposition to Plaintiff's motion.

24    //

25    //

26

27    _____
      [1] Plaintiff checked the box "First Amended Complaint" on the Civil Rights Complaint by a Prisoner form.
      However, as reflected in the "Relevant Background" section, the lodged amended complaint would be the
28    third amendment to follow Plaintiff's original complaint.

1

## II.    RELEVANT BACKGROUND

2      Plaintiff filed his original complaint on March 13, 2019. (Doc. 1.) The Court issued its

3  first screening order on August 21, 2019 (Doc. 11) and Plaintiff filed a first amended complaint

4  on September 3, 2019 (Doc. 12).

5      On February 4, 2020, following screening of the first amended complaint, Plaintiff was

6  directed to file a second amended complaint, or to notify the court that he wished to proceed on

7  the cognizable Eighth Amendment excessive force claim against Defendants. (Doc. 14.)  Plaintiff

8  filed a second amended complaint on February 12, 2020. (Doc. 15.)

9      On March 23, 2020, the undersigned issued Findings and Recommendations,

10  recommending Plaintiff's claim under the Americans with Disability Act and the Rehabilitation

11  Act be dismissed, and that Plaintiff's excessive force, sexual assault, and deliberate indifference

12  to serious medical needs claims against Defendants be allowed to proceed. (Doc. 16.) On May 11,

13  2020, District Judge Dale A. Drozd adopted the Findings and Recommendations in full. (Doc.

14  19.)

15      On October 8, 2020, Defendants Fisher, Ramos, Vasquez, and Washington answered the

16  second amended complaint. (Doc. 29.)

17      The Court issued its Discovery and Scheduling Order on May 6, 2021. (Doc. 51.) The

18  order set the following deadlines: (1) exhaustion motion deadline: 8/6/2021; (2) deadline to

19  amend pleadings: 9/3/2021; (3) discovery cut-off date: 10/6/2021; and (4) dispositive motion

20  deadline: 12/6/2021. (*Id.*)

21      On August 30, 2021, the Court issued an order granting Defendants' motion to modify the

22  discovery and scheduling order. (Doc. 59.) The deadline for filing motions challenging the

23  exhaustion of administrative remedies was extended from August 6 to October 5, 2021. (*Id*. at 2.)

24  Discovery was stayed except for discovery pertaining to the exhaustion of administrative

25  remedies. (*Id*.) The Court noted that if Defendants' anticipated exhaustion-based summary

26  judgment motion was denied, Defendants were to respond to Plaintiff's outstanding merits-based

27  discovery within 45 days of a denial. The court noted, "[i]f necessary, the Court will extend the

28  discovery cut off date accordingly." (*Id*.)

2

1    On October 5, 2021, Defendants filed their motion for summary judgment for a failure to

2    exhaust administrative remedies. (Doc. 61.) Plaintiff filed an opposition (Doc. 67) and

3    Defendants filed a reply (Doc. 71).[2]

4    On March 11, 2022, Plaintiff moved for leave to file the third amended complaint. (*See*

5    Docs. 88 & 89.)

6    **III.    LEGAL STANDARDS**

7    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

8    pleading once as a matter of course 21 days after serving, or if a response was filed, within 21

9    days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by

10   leave of the court or by written consent of the adverse party, and leave shall be freely given when

11   justice so requires. Fed. R. Civ. P. 15(a)(2).

12   "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

13   requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc*., 465 F.3d 946, 951 (9th Cir. 2006)

14   (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the

15   amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

16   delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951. Relevant to

17   the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single

18   action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011);

19   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls

20   upon the party opposing the amendment.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187

21   (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a

22   presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC

23   v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to

24   justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

25   Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of

26   Civil Procedure which provides that a scheduling order "may be modified only for good cause

27   _____

28   [2] Plaintiff filed a response to Defendants' reply on December 2, 2021. (Doc. 73.) Defendants have moved
     to strike the response or sur-reply. (*See* Doc. 75.) The latter motion will be addressed concurrently with the
     Court's consideration of the now pending motion for summary judgment.

1    and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in

2    supervision of the pretrial phase of litigation. *Zivkovic v. Southern California Edison Co*., 302

3    F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the

4    party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be

5    met despite the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations,*

6    *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply

7    additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons

8    for seeking modification." *Johnson*, 975 F.2d at 609. Therefore, if the party moving for

9    amendment of the scheduling order has not demonstrated diligence, the inquiry should end and

10   the motion should be denied. *Id*. Where the request to amend is after a date established in the

11   Rule 16 scheduling order, the party must first show good cause to amend before the court

12   considers whether amendment is appropriate under Rule 15. *Jackson v. Laureate, Inc.*, 186 F.R.D.

13   605, 607 (E.D. Cal. 1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 607-08.

14        **IV.    DISCUSSION**

15        Pursuant to the discovery and scheduling order, the deadline to amend pleadings was

16   September 3, 2021. (Doc. 51.) Even before the stay of discovery issued by the Court on August

17   30, 2021, no party sought to extend the deadline to amend pleadings. Because Plaintiff did not

18   amend the complaint within 21 days of service of the answer, Plaintiff's motion to amend the

19   complaint was due on or before September 3, 2021. (*Id*.) And while discovery was stayed

20   pursuant to the Court's order of August 30, 2021—or four days before the expiration of the

21   September 3, 2021, deadline to amend pleadings—and although the Court has never given an

22   indication it would extend the deadline for amending pleadings,[3] Plaintiff's motion was not filed

23   until March 11, 2022—189 days after the deadline expired. Plaintiff must therefore show good

24   cause to modify the discovery and scheduling order under Federal Rule of Civil Procedure 16,

25   before the Court proceeds to the analysis under Rule 15(a).

26        Here, although Plaintiff's one-page motion is less than clear, he appears to assert his

27   claims are now fully exhausted and he can now provide additional information concerning the

28

---

[3] The Court previously indicated it would, if necessary, extend the discovery cut-off deadline. (Doc. 59)

1   injuries he sustained following the April 30, 2018, incident giving rise to this litigation. (*See* Doc.

2   88.) A review of the lodged third amended complaint confirms Plaintiff contends his

3   administrative remedies have been fully exhausted. (*See* Doc. 89 at 4-6.) Plaintiff's lodged third

4   amended complaint also contends a neurosurgeon recommended, in November 2021, cervical

5   disc replacement and lumbar surgery and references an MRI of June 23, 2021. (*Id.* at 4, 5.)

6        As to the claims asserted in the lodged third amended complaint, the Court notes

7   Plaintiff's third claim references "42 U.S.C. SECTION 12101 american disability act."[4] (*See* Doc.

8   89 at 6.) However, Judge Drozd previously dismissed Plaintiff's claims under the Americans with

9   Disabilities Act and the Rehabilitation Act. (*See* Doc. 19 at 2.)

10        **1.  Plaintiff's Motion is Untimely Pursuant to Rule 16**

11        Plaintiff filed his motion on March 11, 2022, more than six months[5] after the deadline for

12   filing amended pleadings had passed.  Plaintiff makes no effort to establish good cause[6] to extend

13   the deadline for filing amended pleadings, nor does he explain why the information he now

14   possesses—that his claims are now fully exhausted and that the injuries he sustained will require

15   cervical and lumbar surgery—should result in a finding of good cause to extend the deadline for

16   filing amended pleadings.

17        The undersigned notes that while Plaintiff indicates a neurosurgeon recommended

18   cervical and lumbar surgery in November 2021—or about two months after the deadline for

19   amending pleadings had passed—the record in this case reveals that Plaintiff was advised in late

20   January 2020 that the claims asserted in grievance/appeal number 18-02210 had been denied at

21   the third and final level of review. (*See* Doc. 61-5 at 13-14 [Office of Appeals denial dated

22   1/27/2020].) As a result, Plaintiff's motion to amend, at least as to Plaintiff's assertion that his

23

24   [4] Plaintiff's citation pertains to congressional findings only. As it has previously (*see* Doc. 16 at 7, n.1), the
     Court construes Plaintiff's claim to arise under the ADA's substantive provisions relating to public

25   entities, i.e., 42 U.S.C. §§ 12131-12134.

26   [5] The difference between 9/3/2021 and 3/11/022 = 6 months, 1 week & 1 day, or a total of 189 days.

27   [6] Good cause may be demonstrated by a change in circumstance or newly discovered facts. *See Fru-Con
     Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 U.S. Dist. LEXIS 94421,

28   2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) (allowing amendment under Rule 16(b) when the
     amendment was prompted by new evidence obtained through discovery).

1    claims are fully exhausted,[7] is untimely by approximately than 19 months.[8]

2         Plaintiff has not demonstrated due diligence in seeking an extension to amend his

3    complaint six months after the expiration the deadline to file amended pleadings. *Johnson*, 975

4    F.2d at 609. Thus, Plaintiff has not met the "good cause" standard under Rule 16(b), and his

5    motion to amend should be denied as untimely. *See, e.g.*, *Lennar Mare Island, LLC v. Steadfast*

6    *Ins. Co.*, No. 2:12-cv-02182-KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015); *see also*

7    *Jackson v. Laureate Inc.*, 186 F.R.D. 605 (E.D. Cal. 1999) ("Parties anticipating possible

8    amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling

9    judge of the nature and timing of such anticipated amendment[s]") (quoting *Veranda Beach Club*

10   *Ltd. P'ship v. W. Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir. 1991)). Even if Plaintiff's motion was

11   timely, it should be denied under Rule 15 for the reasons set forth below.

12                    **2.   Plaintiff's Motion Will Be Denied Pursuant to Rule 15**

13                              *A.   Prior Amendments*

14        The court's discretion to deny leave to amend is particularly broad where the court has

15   already given the plaintiff an opportunity to amend his complaint." *Fidelity Financial Corp. v.*

16   *Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986). Here, the Court

17   has previously permitted Plaintiff leave to amend his complaint (*see* Docs. 11 & 14), and

18   therefore this factor weighs in favor of denial of Plaintiff's motion to amend.

19                              *B. Undue Delay*

20        Undue delay, alone, is insufficient to denying granting leave to amend pleadings. *Howey*

21   *v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d at

22   186. However, in combination with other factors, delay may be sufficient to deny amendment.

23   *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). An important

24   factor is whether "permitting an amendment would ... produce an undue delay in litigation."

25   *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

26

27   [7] *See also* IV., 2., D., *infra*.

28   [8] The difference between January 27, 2020 and September 3, 2021 = 1 year, 7 months & 1 week, or a total of 585 days.

1    Defendants have answered the operative second amended complaint and filed a motion for

2    summary judgment for a failure to exhaust administrative remedies which is now pending and has

3    resulted in substantial additional litigation on the issue. This action has been pending for more

4    than three years. Given the age and procedural posture of this case, allowing Plaintiff to amend

5    the complaint would cause a significant delay in the action. Therefore, this factor weighs in favor

6    of denying Plaintiff's motion for leave to amend.

7                                    *C.  Bad Faith*

8    There is no evidence before the Court to suggest that Plaintiff acted in bad faith. Thus, this

9    factor has no bearing on whether the Court should grant Plaintiff leave to amend.

10                                *D.  Futility of Amendment*

11   "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."

12   *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has articulated the test for

13   futility as when "no set of facts can be proved under the amendment to the pleadings that would

14   constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d

15   1122, 1134 (9th Cir. 2018) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

16   However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v.*

17   *VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020)

18   (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily,

19   'courts will defer consideration of challenges to the merits of a proposed amended pleading until

20   after leave to amend is granted and the amended pleading is filed.'" *Id.*

21   Plaintiff asserts in the lodged third amended complaint that his claims are fully exhausted.

22   (Doc. 89 at 4-6.) However, Plaintiff made the same assertion in the operative second amended

23   complaint. (*See* Doc. 15 at 3 [II. C. "Is this process completed? Yes xxxx" & "That appeal was

24   denied at the highest level"].) Therefore, amendment on this basis is futile.

25   In the operative second amended complaint, Plaintiff seeks $500,000 from each Defendant

26   and punitive damages "to be determined." (Doc. 15 at 6.) In the lodged third amended complaint,

27   Plaintiff intends to seek $200,000 "per defendant in their personal capacity [and] punitive

28   damages of one million dollars for ongoing medical care, the CERVICAL & LUMBAR

1    surgeries" and "one million dollars for pain & suffering from 2018 until now." (*See* Doc. 89

2    [Lodged Third Amended Complaint].) To the extent Plaintiff seeks to amend his complaint as it

3    concerns his remedies, amendment would be futile on the bases alleged by Plaintiff in his lodged

4    third amended complaint. Punitive damages are meant to punish bad behavior by liable

5    defendants, and not to compensate a plaintiff for medical care and/or pain and suffering—both are

6    addressed by way of compensatory damages. Additionally, Plaintiff's lodged third amended

7    complaint appears to seek less in total compensatory damages from Defendants than his operative

8    second amended complaint (i.e., $500,000 per Defendant in the operative complaint versus

9    $200,000 per Defendant in the lodged third amended complaint).

10        In light of the foregoing, the futility factor weighs in favor of denying Plaintiff's motion

11    for leave to amend.

12                              *E.  Prejudice to Opposing Party*

13        Prejudice is the most critical factor in determining whether leave to amend should be

14    granted. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052. "Prejudice and undue delay

15    are inherent in an amendment asserted after the close of discovery and dispositive motions have

16    been filed, briefed, and decided." *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL

17    3875622, at * 3 (E.D. Cal. Sept. 1, 2011) (quoting *Campbell v. Emory Clinic*, 166 F.3d 1157,

18    1162 (11th Cir. 1999)); *see also Acri v. International Ass'n of Machinists & Aerospace Workers*,

19    781 F.3d 1393, 1398-99 (9th Cir. 1986) (affirming the denial of leave to amend and holding that

20    the district court did not abuse its discretion in concluding that allowing amendment would

21    prejudice the defendant because of the necessity for further discovery); *Bassani v. Sutton*, 430

22    Fed. App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions—that

23    there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to

24    amend his complaint two years into litigation and after the close of discovery—were not an abuse

25    of discretion").

26        Plaintiff's lodged third amended complaint references the Americans with Disabilities Act

27    (ADA). As noted above, Plaintiff's previous ADA claims were dismissed for a failure to state a

28    cognizable ADA claim against any Defendant. (Doc. 19.)

                                          8

In the lodged third amended complaint, Plaintiff alleges he suffers from physical and mental disabilities of which Defendants were aware at the time of the incident. (Doc. 89 at 6.) Plaintiff contends Defendants "did not afford [him] the same standard of care allotted to all other prisoners" and that Defendants' conduct is "not done to other prisoners without a mental health and physical disability," denying Plaintiff "equal treatment and the same standard of care provided to NON-DISABLED PRISONERS" housed at the same facility. (*Id.*)

Significantly, Plaintiff has already been provided with an opportunity to cure the deficiencies identified by the Court concerning his ADA claim as asserted in the first amended complaint, (*see* Doc. 14 at 5), but he did not do so (*see* Doc. 16 at 1-2, 7-8). He could have also cured the deficiencies at that time. In other words, even assuming Plaintiff's lodged third amended complaint states a cognizable ADA claim, the factual allegations that serve to cure the previously identified deficiencies were known to Plaintiff at that time and those facts are not newly discovered. Plaintiff should not be permitted to correct deficiencies he could have corrected two years ago, and Defendants would be prejudiced by the addition of an ADA claim at this late stage of the litigation.

It appears that Plaintiff seeks leave to file a third amended complaint is to claim his administrative remedies are now exhausted—although, as noted above, his operative complaint made the same assertion. In any event, Defendants filed a motion for summary judgment for a failure to exhaust administrative remedies on October 5, 2021, some five months prior to Plaintiff's motion for leave to amend. Efforts to schedule and conduct an evidentiary hearing concerning whether administrative remedies were unavailable to Plaintiff have been ongoing and time consuming for the parties and the Court.

Plaintiff has filed numerous motions, (*see, e.g.*, Docs. 90, 94, 99, 100, 101, 106, 111, 112, 115, 116, 118), which were decided by the Court (*see, e.g.*, Docs. 93, 95, 104, 105, 107, 114, 117) concerning the pending motion for summary judgment and related evidentiary hearing. Those efforts continue and have been delayed yet again. (*See* Doc. 119.)  The Court's June 6, 2022, Order requiring supplemental briefing following the Ninth Circuit Court of Appeal's May 23, 2022, opinion in *Saddozai v. Davis* pertains to the issue of administrative exhaustion and the

pleading to be considered for purposes of an exhaustion analysis. (*See* Doc. 119.) Therefore, the Court expects to address the issue of administrative exhaustion, in whole or in part, in the near future.

At this juncture of the litigation, Defendants will be harmed by further delay, particularly where Plaintiff seeks to add a claim previously dismissed by the Court. Accordingly, prejudice to Defendants is a factor that weighs in favor of denying Plaintiff's motion for leave to amend.

In sum, prior amendments, undue delay, futility and prejudice weigh in favor of denying Plaintiff's instant motion. *AmerisourceBergen Corp.*, 465 F.3d at 951.

## V.   CONCLUSION AND ORDER

For the reasons stated above, **IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 88) be DENIED.

IT IS SO ORDERED.

Dated:   **June 14, 2022**                                /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

10