UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>VASQUEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER VACATING SETTLEMENT CONFERENCE SCHEDULED FOR SEPTEMBER 27, 2022**<br><br>**ORDER DISCHARGING WRIT OF HABEAS CORPUS AD TESTIFICANDUM** |

**RELEVANT BACKGROUND**

On October 5, 2021, Defendants Fisher, Ramos, Vasquez and Washington filed a motion for summary judgment, contending Plaintiff had failed to exhaust his administrative remedies prior to filing suit. (Doc. 61.) The motion was submitted for decision as of November 12, 2021, with the filing of Defendants' reply to Plaintiff's opposition.

Initially the matter was set for an evidentiary hearing on the exhaustion of administrative remedies. (*See* Docs. 72, 84 [minute order], 105, 110.) Before the evidentiary hearing was held, the Ninth Circuit Court of Appeals decided *Saddozai v. Davis*.[1] Its applicability to this case resulted in an Order directing the parties to file supplemental briefing, and vacating the evidentiary hearing then set for August 2, 2022. (*See* Doc. 119.)

---

[1] *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022).

Following receipt of the parties' briefing on the applicability of *Saddozai* (Docs. 122 & 123), the Court held a telephonic status conference on August 9, 2022, wherein Plaintiff and defense counsel indicated their willingness to participate in a settlement conference. (Doc. 125 [minutes].) As a result, on August 10, 2022, the Court issued its Order re Settlement Conference and Settlement Conference Procedures, setting the matter for a settlement conference before the undersigned on September 27, 2022, at 10:15 a.m. (Doc. 126.)  The parties recently submitted their confidential settlement conference statements. (*See* Docs. 130 & 132.)

**DISCUSSION**

The Court conducted a telephonic conference with the parties on September 21, 2022, at 10:30 a.m. to discuss the upcoming settlement conference. During the telephonic conference, the Court discussed the timing of the upcoming settlement conference in light of the parties' confidential settlement statements.  The parties stated a settlement conference would not be productive at this time. The Court advised it would revisit whether a future settlement conference would be productive following the issuance of findings and recommendations concerning Defendants' pending motion for summary judgment for a failure to exhaust administrative remedies and any discovery and pre-trial motions.

**CONCLUSION AND ORDER**

Based on the foregoing, the settlement conference previously scheduled for September 27, 2022, at 10:15 a.m. is hereby **VACATED**. The Order and Writ of Habeas Corpus ad Testificandum, issued August 10, 2022 (Doc. 127), is hereby **DISCHARGED**.

The Court will issue its findings and recommendations concerning Defendants' pending motion for summary judgment for a failure to exhaust administrative remedies in due course. Further, discovery remains stayed until the assigned district judge considers and issues an order concerning the findings and recommendations following their issuance and an objection period. No further filings related to the pending motion for summary judgment will be entertained nor will any other motion be entertained during the stay of discovery.

//

//

The Clerk of the Court is directed to serve a copy of this Order via email to the Litigation Coordinator at Plaintiff's current facility.

IT IS SO ORDERED.

Dated:   **September 21, 2022**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE