1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY WILLIAM CORTINAS,               Case No. 1:19-cv-00367-JLT-SKO (PC)

12                   Plaintiff,

13          v.                              **ORDER DENYING PLAINTIFF'S**
                                            **MOTION TO COMPEL DISCOVERY**
14    VASQUEZ, et al.,
                                            (Doc. 143)
15                   Defendants.

16

17          Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to

18    42 U.S.C. § 1983.

19          **I.      INTRODUCTION**

20          This matter is scheduled for an evidentiary hearing on **April 13, 2022, at 10:00 a.m.**

21    (Doc. 138.) The evidentiary hearing involves material disputes of fact concerning whether

22    Plaintiff exhausted his administrative remedies regarding the deliberate indifference to serious

23    medical needs and sexual assault claims. (Doc. 137.) Limited discovery as to these issues began

24    December 20, 2022 and concluded February 17, 2023. (*Id.*)

25          On March 3, 2023, Plaintiff filed a document titled "Plaintiff's Request to Compel

26    Production for Discovery Federal Rule of Civil Procedure 37(a)." (Doc. 141.)

27          On March 6, 2023, this Court issued its order requiring Defendants to respond to

28    Plaintiff's motion to compel, no later than March 9, 2023. (Doc. 143.)  On March 9, 2023,

1    Defendants filed their opposition to Plaintiff's motion. (Doc. 144.)

2        Although Local Rule 230(*l*) provides for the filing of a reply to the opposition within 14

3    days, the Court finds one unnecessary to the resolution of the motion.

4        **II.    PLAINTIFF'S MOTION TO COMPEL (Doc. 141)**

5        Plaintiff alleges Defendants failed to produce the requested discovery necessary for the

6    evidentiary hearing.  (Doc. 141.) The evidence Plaintiff seeks is apparently comprised of emails,

7    "Phone call DUCAT[]," and possibly "institutional daily movement sheet[s]." (*Id*. at 1.) Plaintiff

8    identifies the relevant time period as July 2018 through November 2020. (*Id.* at 1-2.) Plaintiff

9    states there are 1,240 e-mails according to Brandy Ebert, the litigation coordinator at the

10   California Medical Facility. Plaintiff states he has been advised the cost to copy the emails is

11   $964 or Ebert "can print them out … [i]f the ATTORNEY GENERAL request[s] them." (*Id*. at

12   1.) According to Plaintiff, the emails contain "the information to prove" that CDCR investigated

13   and knew of the claims at issue. (*Id*. at 2.) Plaintiff states he was interviewed by phone and video

14   in July or August 2018, by phone in September 2019, and again in November 2020, concerning

15   the sexual assault claim. (*Id*.)

16       **III.   DEFENDANTS' OPPOSITION[1]**

17       Defendants state they responded to Plaintiff's discovery requests propounded during the

18   limited discovery period. (Doc. 144.) Defendants note that Plaintiff's motion fails to identify the

19   specific requests that are the subject of his motion, but they believe, based upon a review of the

20   request for production served by Plaintiff, Request No. 2 and Request No. 8 concern "emails."

21   (*Id.*) Defendants assert they properly objected to those requests on the grounds they were vague

22   and overbroad "as to whose emails," making the requests unduly burdensome. (*Id*.) Defendants

23   contend that, with the exception of Plaintiff's Request No. 9, all other requests were beyond the

24   scope of the Court's limited discovery order and were not relevant to the issue of exhaustion. (*Id*.)

25   //

26   //

27   
_____

28   [1] Defendants have provided a copy of their February 14, 2023, discovery responses to Plaintiff's request
for production. (Doc. 144 at 11-18 [Exhibit A].)

## IV. DISCUSSION

"District courts have 'broad discretion to manage discovery and to control the course of litigation.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The Court is vested with broad discretion in resolving discovery disputes and in determining whether to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. *McCoy v. Ramirez*, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); *Ellis v. Cambra*, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

Federal Rule of Civil Procedure 37 provides, in relevant part, as follows:

> **(a) Motion for an Order Compelling Disclosure or Discovery**.
>
> > **(1) In General**. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> >
> > . . .
> >
> > **(3) Specific Motions**.
> >
> > > . . .
> > >
> > > (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

. . .

> (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37. Rule 37.

### A.  Procedural Deficiencies

The Court initially notes that Plaintiff has failed to state which discovery requests are the subject of his motion to compel and has failed to provide copies of his discovery requests, as is his obligation. *Flores v. Cruz*, No. 1:15-cv-01184-BAM-PC, 2017 WL 415345, *2 (E.D. Cal. Jan. 30, 2017) (In denying Plaintiff's motion to compel, the Court stated: "Plaintiff as the moving party is required to inform the Court which discovery requests are the subject of the motion to compel and the responses, if any, so that the Court can evaluate the motion"); *McCoy*, 2016 WL 3196738, at *1. Defendants have provided the necessary information.

Plaintiff has also failed to explain in his motion why Defendants' responses to his requests are deficient or why their objections are not justified. *McCoy*, 2016 WL 3196738, at *1; *Howard v. De Azevedo*, No. 1:11-cv-00101-AWI-SKO PC, 2013 WL 6185054, at *2 (E.D. Cal. Nov. 26, 2013) ("Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit)"). Plaintiff has also failed to include a certification that he "is good faith conferred or attempted to confer" with defense counsel concerning Defendants' failure to produce the documentation Plaintiff seeks.

Defense counsel's declaration states: "On March 3, 2023, at around 9:00 a.m., I met and conferred with Plaintiff by phone to discuss whether either side will seek to admit documents at the upcoming evidentiary hearing." (Doc. 144 at 10, ¶ 4.) While it is unclear which party initiated the phone call, it is apparent that Plaintiff did not address Defendants' failure to produce the documentation Plaintiff seeks. Defense counsel's declaration provides that "Plaintiff did not mention that he had filed or intended to file a motion to compel, of which I only became aware when I received the electronic notice through the Court's ECF system on March 3, 2023, at 3:26 p.m. that it had been filed." (*Id.*)

### B. The Limited Discovery Order

The Court's December 20, 2022, order allows for limited discovery "to ascertain whether Plaintiff has exhausted his administrative remedies as to the deliberate indifference to serious medical needs and sexual assault claims." (*See* Doc. 137.)

#### 1. *Requests and Responses*

##### a. Request for Production No. 2

Plaintiff's Request for Production No. 2 states:

> Produce all e-mails that reference LARRY WILLIAM CORTINAS CDCR #P09908 from 2018 May 4th 2018 through January 1, 2023. Between California Department of Corrections and Rehabilitation custody and medical.

Defendants' Response to Request for Production No. 2 states:

> Defendants object to this request on the grounds it is overbroad and unduly burdensome as it would require Defendants to search the emails of every custody and medical staff member employed by CDCR for a period of five years. The request is also vague and ambiguous as to "custody" and "medical." The request is beyond the scope of the Court's order permitting limited discovery on the issue of exhaustion and is also irrelevant to the issue of exhaustion of administrative remedies. Based on these objections, Defendants will not respond to this request.

(Doc. 144 at 13-14.)

##### b. Request for Production No. 8

Plaintiff's Request for Production No. 8 states:

> Produce all e-mails between medical inquiring about LARRY WILLIAM CORTINAS P9908 from 2018, 2019, 2020, 2021, 2022, [unknown].

Defendants' Response to Request for Production No. 8 states:

> Defendants object to this request on the grounds it is beyond the scope of the Court's order permitting limited discovery on the issue of exhaustion, overbroad as to time, irrelevant, and unduly burdensome as it would require Defendants to search the emails of every medical person employed by CDCR over a period of five years. The request is also irrelevant as to the issue of exhaustion of administrative remedies. The request also seeks irrelevant information insofar as it seeks information pertaining to lack of medical treatment after the alleged issues in this case, i.e., that Defendant Ramos was deliberately indifferent to Plaintiff's serious medical needs on April 30, 2018, when Ramos allegedly "dumped"

Plaintiff from his wheelchair.

(Doc. 144 at 16.)

### c.   Request for Production No. 9

Plaintiff's Request for Production No. 9 states:

> Any and all materials that relate to the February 17, 2023 LIMITED DISCOVERY ORDER issued in this case.

Defendants' Response to Request for Production No. 9 provides:

> Defendants object to this request on the grounds it is vague as to the "February 17, 2023 LIMITED DISCOVERY ORDER issued in this case," as the date is in the future. Assuming Plaintiff is referring to the Court's December 20, 2022 Order Re Limited Discovery (ECF No. 137), the request is vague, ambiguous, and overbroad. Based on these objections and without a more specific request, Defendant will not respond to this request. However, Defendants will provide documents to Plaintiff in accordance with the Court's order.

(Doc. 144 at 16.)

### C.  Analysis

As an initial matter, Plaintiff's request Nos. 2, 8 and 9 are not limited to the issue of exhaustion. The language of Plaintiff's requests is expansive and not narrowly tailored to the issue of whether Plaintiff exhausted his administrative remedies. Even assuming the existence of emails involving custody or medical staff concerning Plaintiff, the emails would not answer the question of whether Plaintiff has exhausted his administrative remedies with respect to his claims of sexual assault and deliberate indifference to serious medical needs.  *See Flores*, 2017 WL 415345, at *2 ("Furthermore, Plaintiff's discovery request does not concern matters pertaining to the exhaustion of administrative remedies"); *McCoy*, 2016 WL 3196738, at *1; *Williams v. Adams*, No. 1:05-cv-00124 AWI SMS PC, 2009 WL 1220311 at *2 (E.D. Cal. May 4, 2009) (Plaintiff has the burden of demonstrating the relevance of the requested information to his claim); *see also*, *e.g*., *Lewis v. Alison*, No. 1:12-cv-00856-LJO-BAM (PC), 2014 WL 6925209, at *8 (E.D. Cal. Dec. 9, 2014) ("the pending motion to compel relates to personnel records. Personnel records are not relevant to the issue of exhaustion currently pending before the Court"); *Mabon v. Swarthout*, No. 2:13-cv-2208 WBS KJN P, 2016 WL 410927, at *5 (E.D. Cal. Feb. 3,

6

1   2016) ("the court cannot find that discovery of the outgoing or incoming legal mail logs would

2   assist plaintiff in rebutting the issue of exhaustion of administrative remedies").

3       Plaintiff's requests Nos. 2, 8 and 9 are also overbroad and not narrowly tailored to the

4   limited discovery pertaining to the question of whether Plaintiff has exhausted his administrative

5   remedies. Fed. R. Civ. P. 26(b)(1). For example, in Request No. 2, Plaintiff seeks "all e-mails"

6   between May 4, 2018, and January 1, 2023, between "custody and medical" referencing

7   Plaintiff's CDCR number. Such emails, assuming they exist for the purposes of this motion,

8   could encompass any number of issues or subjects well beyond the issue of exhaustion pending

9   before the Court. The five year time period is also overbroad and burdensome. Plaintiff has not

10  made a specific showing that the burden to Defendants would be minimal or that the emails

11  would lead to relevant evidence pertaining to the issue of administrative exhaustion. *Nugget*

12  *Hydroelectric, L.P. v. Pac. Gas & Elec. Co*., 981 F.2d 429, 438-39 (9th Cir. 1992) (a discovery

13  request may be deemed burdensome and overly broad if the requesting party fails to make a

14  "specific showing that the burdens of production would be minimal and that the requested

15  documents would lead to relevant evidence"), quoting *Sorosky v. Burroughs Corp*., 826 F.2d 794,

16  805 (9th Cir. 1987); *see also*, *e.g*., *Waterbury v. Scribner*, No. 1:05-cv-0764 OWW DLB PC,

17  2008 WL 2018432, at *6 (E.D. Cal. May 8, 2008) (Defendants objected on the grounds the

18  production requests numbers five and six were overbroad, overly burdensome, immaterial and not

19  reasonably calculated to lead to the discovery of admissible evidence; plaintiff's motion to

20  compel as to these production requests was denied on those bases). Request No. 8 seeks "all e-

21  mails between medical inquiring about" Plaintiff over a period of at least five years. That is also

22  overbroad and unduly burdensome as to both content and time period. *See Dasenbrook v.

23  Enenmoh*, No. 1:11-cv-01884 AWI DLB PC, 2014 WL 5304955, at *30 (E.D. Cal. Oct. 15, 2014)

24  (In denying Plaintiff's request, the Court stated: "The request is overly broad and burdensome as

25  the request asks Defendants to look through all CDCR policies and regulations to locate all

26  responsive documentation").  In sum, Plaintiff's motion to compel is procedurally deficient.

27  *McCoy*, 2016 WL 3196738, at *1. Plaintiff's requests are overbroad, unduly burdensome, and do

28  not appear to be limited, or related to the issue of whether Plaintiff has exhausted his

administrative remedies.

The Court notes that this case has been pending for four years. Defendants initially moved for summary judgment on the issue of exhaustion on October 5, 2021. (Doc. 61.) On December 2, 2021, the Court set the matter for a March 17, 2022, evidentiary hearing on the exhaustion of administrative remedies and granted Plaintiff's motion for leave to conduct limited discovery. (Doc. 72.) On March 7, 2022, following a telephonic status hearing concerning Plaintiff's access to the law library, the Court continued the evidentiary hearing to April 19, 2022. (Doc. 84 [Minute Order].) The Court considered and denied Plaintiff's additional motions pertaining to discovery. (*See* Docs. 93, 95, 97, 102 and 104.)  The Court also addressed other motions and the parties' continuance requests. (*See e.g.,* Docs. 105, 117, 119.)

Discovery has been limited to the issue of administrative exhaustion for a significant period of time to assist with resolving the exhaustion question. In its Findings and Recommendations of November 7, 2022, recommending Defendants' summary judgment motion be denied, the Court found the record was "ambiguous and incomplete concerning the question of whether Plaintiff has exhausted his administrative remedies pertaining to his deliberate indifference to serious medical needs and sexual assault claims." (Doc. 134 at 21.) The Court noted "the case cannot proceed on the merits" and recommended "that the parties engage in limited discovery and an evidentiary hearing to held to determine whether Plaintiff has exhausted his administrative remedies concerning the deliberate indifference to serious medical needs and sexual assault claims *only*." (*Id.* at 22, emphasis in original.)  The Court also set an evidentiary hearing on April 13, 2023, to address the issue of exhaustion.

**At the evidentiary hearing, the Court expects that both parties shall present <u>all</u> relevant evidence to determine whether Plaintiff has exhausted his administrative remedies with regard to his sexual assault and deliberate indifference to serious medical needs claims.** The Court notes that defense counsel must lodge "an exhibit list detailing the documentary evidence (with applicable exhibit numbers) that both sides will seek to introduce at the hearing, as well as copies of the evidence" by no later than March 30, 2023. (*See* Docs. 137 at 2 & 138.)

1

## V.      CONCLUSION AND ORDER

2        For the reasons set forth above, Plaintiff's motion to compel (Doc. 141) is DENIED.

3

4    IT IS SO ORDERED.

5    Dated:   __**March 16, 2023**__                          _/s/ Sheila K. Oberto_
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28