UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>VASQUEZ, et al.,<br><br>Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**<br><br>(Doc. 147) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

This matter is scheduled for an evidentiary hearing on **April 13, 2022, at 10:00 a.m.** (Doc. 138.) The evidentiary hearing involves material disputes of fact concerning whether Plaintiff exhausted his administrative remedies regarding the deliberate indifference to serious medical needs and sexual assault claims. (Doc. 137.) Limited discovery as to these issues began on December 20, 2022, and concluded on February 17, 2023. (*Id.*)

On March 3, 2023, Plaintiff filed a document titled "Plaintiff's Request to Compel Production for Discovery Federal Rule of Civil Procedure 37(a)." (Doc. 141.) On March 16, 2023, the Court issued its Order Denying Plaintiff's Motion to Compel Discovery. (Doc. 146.)

On March 21, 2023, Plaintiff filed "Plaintiffs Motion To Compel Discovery For April 13, 2023 Evidentiary Hearing." (Doc. 147.) Plaintiff's declaration and the accompanying proof of service are dated March 7, 2023. (*Id*. at 4-5.) Plaintiff has attached 172 pages of exhibits. (*Id*. at 6-178.) On March 24, 2023, this Court issued its order requiring Defendants to respond to Plaintiff's second motion to compel, no later than March 29, 2023. (Doc. 148.) On March 29, 2023, Defendants filed their opposition. (Doc. 149.)

## II.  PLAINTIFF'S MOTION TO COMPEL (Doc. 147)

Plaintiff alleges Defendants provided "non-responsive answers" to his written discovery. (Doc. 147.) As in his previous motion to compel, Plaintiff asserts Defendants' objections to his discovery request are improper and that the discovery he seeks is relevant to the forthcoming evidentiary hearing. (*Id*. at 1-2.) He again references 1,240 emails identified by the litigation coordinator at his present facility and telephonic interviews conducted between 2019 and 2021. (*Id*. at 2-3.) Plaintiff asks the Court to take judicial notice of an action filed in the United States District Court for the Northern District of California, entitled "John Armstrong et al -vs- Gavin Newsome et al case no: C94 2307 CW," stating he "was and is a part of" the "exact party class" at issue in that matter. (*Id*. at 3.) Plaintiff contends "sexual assaults against prisoners in wheelchairs and with mental health issues and physical disabilities" are "rampant within C.D.C.R. Corcoran" and contends "once this discovery is brought before this court the Attorney Deputy General will be inclined to resolve this case and charge the officer involved." (*Id.*)

In his declaration in support of the motion to compel, Plaintiff states that the emails he seeks "will prove that the sexual assault and physical assault and deliberate indifference to my medical needs occurred" and that the emails "will identify the administrative appeals filed which generated the interviews over the issues before this honorable court." (Doc. 147 at 3.) Plaintiff states the emails he seeks will pose "no undue hardship" and that they are "prepared and are ready to be mailed." (*Id*. at 4.)

## III.  DEFENDANTS' OPPOSITION

Defendants contend the Court has previously decided that Defendants' objections to Plaintiff's discovery request Nos. 2, 8, and 9 were proper, and that the interviews Plaintiff

2

1   references have no bearing on the issue of exhaustion. (Doc. 149.) Additionally, Defendants
2   assert the additional information provided by Plaintiff in his second motion does not change the
3   Court's determination that Plaintiff's original discovery requests were vague and overbroad. (*Id*.
4   at 2.) Defendants also contend Plaintiff's request that this Court take judicial notice of the
5   *Armstrong v. Newsom* case has no bearing on Plaintiff's claims in this case, "let alone on the issue
6   of exhaustion of administrative remedies that is the subject of the Court's order allowing limited
7   discovery." (*Id*.) Defendants request the portion of Plaintiff's motion that includes documents or
8   pleadings from the *Armstrong v. Newsom* matter be stricken. (*Id*.)

9   **IV.    DISCUSSION**

10   "District courts have 'broad discretion to manage discovery and to control the course of
11   litigation.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits*
12   *Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The Court is vested with broad
13   discretion in resolving discovery disputes and in determining whether to permit or deny
14   discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

15   Although the Court's Order concerning limited discovery for purposes of the April 13,
16   2023, evidentiary hearing did not include a specific deadline for the filing of motions to compel,
17   the scope of discovery is broad, but it is not without limits. *See, e.g.*, *Republic of Ecuador v.*
18   *Mackay*, 742 F.3d 860, 866 (9th Cir. 2014); *see also Full Tilt Boogie, LLC v. Kep Fortune, LLC*,
19   No. 2:19-cv-09090 ODW (KESx), 2021 WL 4527765, at *3 (C.D. Cal. July 23, 2021) (setting
20   limited discovery deadline and a 14-day deadline to file any motions related to the limited
21   discovery); *Nguyen v. Biter*, No. 1:11-cv-00809-AWI-SKO (PC), 2015 WL 366935, at *7 (E.D.
22   Cal. Jan. 27, 2015) (additional limited discovery permitted; deadline for filing any motion to
23   compel following limited discovery is 30 days from date of service of Defendant's responses to
24   limited discovery). In other words, the Court will not entertain a motion to compel concerning the
25   limited discovery permitted for purposes of the forthcoming evidentiary hearing beyond March
26   20, 2023.

27   The Court provided Plaintiff additional time to conduct limited discovery in connection
28   with the exhaustion of administrative remedies issue which is the subject of the evidentiary

3

1  hearing on April 13, 2023. The Court also addressed Plaintiff's motion to compel filed on March
2  3, 2023, and will address Plaintiff's motion to compel filed on March 21, 2023, in this order. As
3  Plaintiff has been provided ample time to conduct additional discovery and file related motions,
4  the Court will not entertain any further discovery motions in connection with the exhaustion of
5  remedies issue.

### A. The Limited Discovery Order

The Court's December 20, 2022, order allowed for *limited discovery* "to ascertain whether Plaintiff has exhausted his administrative remedies as to the deliberate indifference to serious medical needs and sexual assault claims." (*See* Doc. 137.)

### B. The Court's Previous Order Denying Plaintiff's Earlier Motion

In its March 16, 2023 Order, the Court found Plaintiff's discovery request Nos. 2 and 8, concerning emails did not fall within the scope of the Court's limited discovery order and were not relevant and were overbroad and unduly burdensome. (*See* Doc. 146 at 6-8.) The Court also found Plaintiff's discovery request No. 9 was vague and overbroad. (*Id*.)

### C. Consideration and Analysis

Plaintiff's instant motion was signed and dated March 7, 2023—before the Court issued its March 16, 2023, order denying Plaintiff' first motion to compel. Therefore, although the second motion was filed after the Court's denial order, Plaintiff prepared, and apparently mailed, his second motion before his first motion to compel was decided by the Court. The motions are largely duplicative, and the Court will not consider Plaintiff's arguments again to the extent those proffered in the first motion are reasserted in the second motion.

To the extent Plaintiff contends the emails he seeks relate to whether he exhausted his administrative remedies, his argument is not persuasive. "[P]roper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so properly," to allow the agency a full and fair opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Neither the emails nor documentary evidence of investigations will serve to establish Plaintiff has exhausted his administrative remedies concerning his sexual assault and deliberate indifference to serious medical needs claims. *See, e.g.*, *Smith v. Johal*, 754 Fed.Appx.

652 (9th Cir. 2019) (an inmate's documented use of a request for interview form does not constitute exhaustion of administrative remedies); *Ingram v. Hamkar*, No. 2:13-cv-2567 GEB KJN P, 2015 WL 410935, at *7 (E.D. Cal. Jan. 30, 2015) ("an Inmate Request for Interview form does not satisfy the requirements for administrative exhaustion"); *Kimbro v. Miranda*, No. 2:12-cv-2154 MCE KJN P, 2013 WL 6844488, at *8 (E.D. Cal. Dec. 23, 2013) ("plaintiff's alleged interview with defendant Miranda did not exhaust plaintiff's claim regarding his failure to be returned to Reno for surgery"); *Jones v. Roque*, No. C 12-2946 LHK (PR), 2013 WL 4426515 (N.D. Cal. Aug. 15, 2013) (inmate's two requests for interviews do not suffice to satisfy or excuse exhaustion); *Carreon v, Banke*, No. 2:11-cv-2952 WBS EFB P, 2012 WL 5381542, at *4, n. 5 (E.D. Cal. Oct. 31, 2012) (same); *see also Balderas v. Carr*, No. 4:21-CV-0496-P, 2022 WL 953329, at *5 (N.D. Tex. Mar. 29, 2022) ("Balderas's emails to the mental health department and her PREA complaint do not demonstrate compliance with the PLRA exhaustion requirement"); *Norman v. Carr*, No. 4:21-cv-630-O, 2022 WL 221227, at *6 (N.D. Tex. Jan. 25, 2022) (Norman's email was an improper and insufficient attempt to initiate the administrative remedy process; because "the PLRA requires proper exhaustion and the Court may not excuse a failure to exhaust, Norman is not excused from her failure to exhaust administrative remedies"); *DeWitt v. Warden, FCI El Reno*, No. CIV-11-1302-F, 2012 WL 1319871, at *2 (W.D. Okla.. Mar. 15, 2012) ("an e-mail to a records clerk does not constitute exhaustion of administrative remedies"). Even assuming emails exist that reference medical appointments following the incidents that are the subject of this litigation, the Court cannot find, based upon the information available to it, that the emails or investigation would serve as evidence of Plaintiff's proper efforts to administratively exhaust his remedies, or even any efforts by others to thwart Plaintiff in those efforts.

Plaintiff has attached numerous exhibits to his motion to compel. They include copies of: (1) Defendants' Responses to Plaintiff's Request for Production of Documents, Set Two,[1] (2) a copy of an article entitled "RBGG Files Motion to Stop Guards at Correctional Facility in San

---

[1] The Court considered this document when it denied Plaintiff's earlier motion to compel.

1  Diego from Assaulting and Terrorizing People with Disabilities,"[2] (3) a copy of "Plaintiffs'
2  Notice of Motion and Motion to Stop Defendants From Assaulting, Abusing and Retaliating
3  Against People with Disabilities at R.J. Donovan Correctional Facility" in the matter entitled
4  *Armstrong v. Newsom*, (4) an undated article entitled "Donovan State Prison guard says he was
5  fired after exposing corruption," (5) a September 9, 2020 article entitled "Officers at Otay Mesa
6  Prison Ordered To Wear Body Cameras," and a copy of an August 15, 2022, letter to Plaintiff
7  from the Division of Adult Institutions, California Medical Facility, indicating payment of $962 is
8  required to receive copies of 1,220 emails pursuant to his subpoena duces tecum.[3] (*See* Doc. 147
9  at 6-178.) A review of the exhibits reveals none of the exhibits attached to Plaintiff's instant
10 motion are relevant to the issue of exhaustion or the subject of the forthcoming evidentiary
11 hearing.

12     Regarding Plaintiff's request that this Court take judicial notice of the *Armstrong v.*
13 *Newsom* matter filed in the Northern District, the Court declines to do so. A court "may take
14 notice of proceedings in other courts, both within and without the federal judicial system, if those
15 proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens*
16 *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). Here, whether the
17 *Armstrong v. Newsom* litigation reveals sexual assaults of wheelchair users and mentally and
18 physically disabled prisoners occur at a Southern California prison has no bearing on whether
19 Plaintiff has exhausted his administrative remedies regarding his own claims of sexual assault,
20 and his claim of deliberate indifference to serious medical needs, both arising during the period
21 he was housed at Corcoran State Prison. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d
22 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does
23 not mean that every assertion of fact within that document is judicially noticeable for its truth");
24 *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (a court

---

[2] A duplicate of this article is also included.

[3] The Court agrees with Defendants that it appears Plaintiff has crossed out a portion of the correspondence referring to an action filed by Plaintiff in the San Joaquin County Superior Court. It bears a case number appearing to start with the letters "STR-CV." (*See* Doc. 147 at 178.) In any event, the correspondence does *not* reference this action.

cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). Finally, the Court declines Defendants' request to strike this portion of Plaintiff's March 21, 2023, motion.

### V. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's motion to compel (Doc. 147) is **DENIED**.

**This Court will not entertain any further motions concerning the limited discovery permitted prior to the Evidentiary Hearing set for April 13, 2023.**

IT IS SO ORDERED.

Dated:  **March 30, 2023**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE