1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,              Case No. 1:19-cv-00367-JLT-SKO (PC)

12              Plaintiff,

13        v.                              **ORDER DENYING PLAINTIFF'S EX
                                          PARTE REQUEST FOR A SCHEDULING**
14   VASQUEZ, et al.,                     **ORDER**

15              Defendants.               (Doc. 160)

16

17        Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to

18   42 U.S.C. § 1983.

19        **I.      RELEVANT PROCEDURAL BACKGROUND**

20        The Court held an evidentiary hearing on April 13, 2023, in connection with Defendants'

21   motion for summary judgment alleging Plaintiff had failed to exhaust his administrative remedies

22   on his deliberate indifference to serious medical needs claim against Defendant Ramos and his

23   sexual assault claims as to all Defendants. (Doc. 155 [Minutes].)

24        On June 20, 2023, this Court issued its Findings and Recommendations Following

25   Evidentiary Hearing. (Doc. 157.) Plaintiff filed objections to the findings on July 5, 2023. (Doc.

26   158.) On July 19, 2023, Defendants filed a response to Plaintiff's objections. (Doc. 159.)

27        On August 31, 2023, Plaintiff filed an "Ex Parte Request for a Scheduling Order." (Doc.

28   160.)

## II.    DISCUSSION

In his August 31, 2023, request, Plaintiff states he is "seeking a scheduling order so discovery can be held. Plus, a settlement conference." (Doc. 160.) Plaintiff states defense counsel Janet Chen "has placed herself as defendants counsel" in three other actions filed by Plaintiff: *Cortinas v. Ikegbu*, No. 2:23-cv-0285, *Cortinas v. Neel*, No. 2:21-cv-00611, and *Cortinas v. Soltanian*, No. 2:20-cv-01067. (*Id*. at 1.) He further contends those cases "are medical related, and a direct result of the assault" in this case. (*Id*.) Plaintiff states he wants to receive the cervical and lumbar surgeries recommended by a neurosurgeon on November 15, 2021 and March 14, 2022. (*Id*.) He indicates he "would be open to settling all these case[s] in one settlement conference. Before your court." (*Id*.) Plaintiff notes two of the three cases are presently on appeal to the Ninth Circuit Court of Appeals involving a discovery violation and a denial of injunctive relief. (*Id*.) He contends his physical condition "is extremely diminished," creating "a new issue which will likely require surgery." (*Id*.) Plaintiff further asserts he needs to move these actions to trial as he is "likely going to be released in the next years after resentencing" pursuant to California Penal Code section 1172.75 and proceedings related thereto. (*Id*. at 1-2.)

The Court will not issue a discovery and scheduling order. The Court originally issued a discovery and scheduling order on May 6, 2021. (Doc. 51) Fact discovery was stayed pending resolution of Defendants' motion for summary judgment for a failure to exhaust administrative remedies. (Docs. 59 & 133.) Discovery will remain stayed pending the assigned district judge's issuance of an order on the Findings and Recommendations issued June 20, 2023.

The Court denies Plaintiff's request for a settlement conference in this matter and other matters pending before the Sacramento division. At this stage of the proceedings, where the Findings and Recommendations Following Evidentiary Hearing are pending review and determination by the assigned district judge, this matter is not in a procedural posture suitable for a further settlement conference. The Court also notes a settlement conference was held before Magistrate Judge Erica P. Grosjean on May 3, 2021 (Doc. 49), and a settlement conference scheduled to be held September 27, 2022, was taken off calendar when the parties indicated during a telephonic conference that a settlement conference would not be productive at that time

2

(Doc. 133). Plaintiff is advised he may engage in informal settlement negotiations with defense counsel should he wish to do so, but the Court will not set a settlement conference at this time.

In sum, once the assigned district judge has issued an order on the findings following the evidentiary hearing held in April 2023, the Court will lift the stay of discovery and set new deadlines as necessary. Until that time, no further filings related to the pending motion for summary judgment or discovery will be entertained.

**III.     CONCLUSION AND ORDER**

For the reasons given above, Plaintiff's "Ex Parte Request for a Scheduling Order" (Doc. 160) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 1, 2023**                    _/s/ Sheila K. Oberto_
                                                UNITED STATES MAGISTRATE JUDGE

3