UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>        Plaintiff,<br><br>   v.<br><br>VASQUEZ, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 154) |

Plaintiff seeks to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**     **Background**

On March 16, 2023, the magistrate judge denied Plaintiff's motion to compel discovery. (Doc. 146.) The magistrate judge determined Plaintiff's requests for production numbers 2, 8 and 9 were not limited to the issue of exhaustion, nor would the emails Plaintiff sought answer the question of whether Plaintiff had exhausted his administrative remedies with respect to his claims of sexual assault and deliberate indifference to serious medical needs. (*Id*. at 6-8.) Plaintiff subsequently filed a motion for reconsideration (Doc. 154.)

///

///

**II.     Discussion**

Rule 72(a) of the Federal Rules of Civil Procedure provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions, which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

Plaintiff's motion for reconsideration restates the arguments from his motion to compel. (*See* Doc. 154.) He makes no showing the magistrate's factual determinations are clearly erroneous nor does he allege the legal conclusions are contrary to law. *See, e.g.*, *Brown v. Deputy #1*, No. 12-cv-1938-GPC (BGS), 2014 WL 4961189, at *3 (S.D. Cal. Oct. 3, 2014) (denying plaintiff's motion for reconsideration of orders denying his motion to compel and motion to quash because the movant "d[id] not base his request for reconsideration on facts newly discovered or new law as is required, but instead attempts to re-argue or clarify points made in his original

motion to compel []. A motion for reconsideration, however, is not the proper vehicle for reiterating arguments that have already been raised or for presenting positions that could have been raised at the time the motions at issue were brought"); *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS (PC), 2014 WL 3563312, at *3 (E.D. Cal. July 18, 2014) ("The Magistrate Judge's order denying reconsideration is not clearly erroneous or contrary to law because Plaintiff's merely re-argued the predicate motion without demonstrating any error of fact or law in the Magistrate Judge's underlying discovery order"); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. Mar. 13, 2001) (stating that "a motion for reconsideration is not a vehicle to reargue the motion"). Furthermore, this Court has no "definite and firm conviction" that the magistrate judge's order was clearly erroneous or contrary to law. *Concrete Pipe & Prod. of Cal., Inc.*, 508 U.S. at 623; *McConney*, 728 F.2d at 1200-01.

### III.   Conclusion

Accordingly, Plaintiff's motion for reconsideration (Doc. 154) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 22, 2023**                                    _____
UNITED STATES DISTRICT JUDGE