1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY WILLIAM CORTINAS,              Case No. 1:19-cv-00367-JLT-SKO (PC)

12                 Plaintiff,              **ORDER GRANTING PLAINTIFF'S**
                                           **MOTION FOR 45-DAY STAY**
13          v.
                                            (Doc. 167)
14    VASQUEZ, et al.,

15                 Defendants.

16

17          Plaintiff Larry William Cortinas is proceeding pro se and *in forma pauperis* in this civil

18    rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's excessive force

19    claims against Defendants Vasquez, Fisher and Washington, and deliberate indifference to serious

20    medical needs claim against Defendant Ramos.

21          **I.      INTRODUCTION**

22          On October 2, 2023, following the issuance of District Judge Jennifer L. Thurston's Order

23    Adopting Findings and Recommendations Following Evidentiary Hearing, the Court issued its

24    Order Setting Remaining Discovery Deadlines. (Doc. 164.) The deadline for the completion of

25    discovery was set for March 1, 2024, and the deadline for the filing of dispositive motions was set

26    for May 1, 2024. (*Id.*)

27          On February 21, 2024, Defendants filed a Motion to Modify Discovery and Scheduling

28    Order. (Doc. 165.) The Court granted the motion and extended the deadline for the completion of

1  discovery to April 30, 2024, and the deadline for the filing of dispositive motions to July 1, 2024.

2  (Doc. 166.)

3  On February 29, 2024, Plaintiff filed a motion seeking a 45-day stay of these proceedings.

4  (Doc. 167.) Although more than 21 days have passed, Defendants have filed neither an opposition

5  nor a statement of non-opposition. *See* Local Rule 230(*l*).

6  **II.    DISCUSSION**

7  Plaintiff seeks a 45-day stay due to his impending parole. (Doc. 167.) Plaintiff states that

8  because the California Department of Corrections and Rehabilitation ("CDCR") "refused to

9  transfer" parole to his home county, he will not "have a home to live in" and anticipates being

10  homeless upon his release from prison. (*Id*.) He asserts that parole conditions prohibit him from

11  having a post office box as an address and having contact with law enforcement. (*Id*.) Plaintiff

12  believes the latter includes the deputy attorney general assigned to this matter. (*Id*.) He states he

13  has filed an administrative appeal regarding these conditions because "they are based upon

14  fabricated facts not supported by a conviction." (*Id*.) Plaintiff contends he will have "several

15  motions to prepare and file prior to trial," including a motion to compel. (*Id*.) Plaintiff further

16  states he "require[s] three surgeries upon release cervical, Lumbar & TESTICLE." (*Id*.)

17  The district court "has broad discretion to stay proceedings as an incident to its power to

18  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*

19  *American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature."

20  *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066–67 (9th Cir. 2007).

21  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.

22  *Yong v. I.N.S*., 208 F.3d 1116, 1119 (9th Cir. 2000).  The party seeking the stay bears the burden

23  of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.

24  The Court finds Plaintiff's unopposed request to stay this action for 45 days to be

25  reasonable as it is neither lengthy nor indefinite. Moreover, employing CDCR's California

26  Incarcerated Records and Information Search ("CIRIS") tool reveals Plaintiff has apparently

27  paroled because neither a name search nor a CDCR number search produce results.[1] Therefore,

28

---

[1] https://apps.cdcr.ca.gov/ciris/results?cdcrNumber=P09908, last accessed 3/22/2024.

the Court will grant Plaintiff's request, stay this action for 45 days, and vacate the discovery and dispositive motion deadlines, to be reset at a later date.

### III.   CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for a 45-day stay (Doc. 167) is **GRANTED**;

2.   The deadlines for the completion of discovery and dispositive motions are **VACATED**, to be reset at a later date; and

3.   Plaintiff is reminded of his obligation to keep the Court apprised of his current address.[2] *See* Local Rule 182(f).

IT IS SO ORDERED.

Dated:   __**March 22, 2024**__                    ____*/s/ Sheila K. Oberto*____
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff was specifically advised of his obligation in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 20, 2019. (Doc. 5 at 7.) In that same order, Plaintiff was further advised that "[i]f mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b)." (*Id.*)

3