UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VASQUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO KEEP THE COURT AND OPPOSING PARTIES APPRISED OF HIS CURRENT ADDRESS**<br><br>**21-DAY DEADLINE** |

Plaintiff Larry William Cortinas is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT BACKGROUND**

On February 29, 2024, Plaintiff filed a motion seeking a 45-day stay of the proceedings due to his impending parole. (Doc. 167.) On March 25, 2024, the Court issued its Order Granting Plaintiff's Motion for 45-Day Stay, noting a search of the California Incarcerated Records and Information Search (CIRIS) tool revealed Plaintiff had since been released from custody. (Doc. 168.)

After 45 days elapsed, on May 13, 2024, the Court issued its Order Lifting Stay and Resetting Remaining Discovery Deadlines. (Doc. 169.) Discovery was to be completed by July 15, 2024, and dispositive motions were to be filed by September 13, 2024. (*Id.* at 3.)

On July 15, 2024, Defendants filed a motion to modify the discovery and dispositive motion deadlines. (Doc. 170.) The motion reveals that defense counsel has been unable to contact Plaintiff despite being provided a current telephone number by Plaintiff's parole officer and multiple attempts to contact Plaintiff at that number. (*Id.*)

**II.    DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states, in part: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."

Plaintiff has failed to keep the Court and Defendants apprised of his current address.[1] Plaintiff was released from custody in March of this year. (*See* Docs. 167 & 168.) In its Order granting Plaintiff's request for a brief stay of these proceedings due to his impending parole, Plaintiff was expressly reminded of his obligation to keep the Court apprised of his current address. (*See* Doc. 168 at 3 & n.2.) Although Plaintiff was released from custody on parole

---

[1] Plaintiff's address on file with the Court is "Larry William Cortinas, P-09908, California Medical Facility, P.O. Box 2000, Vacaville, California 95696-2000."

approximately four months ago, he has failed to file a notice of change of address or to otherwise contact the Court. Nor has Plaintiff apprised the opposing parties of his current address. Therefore, it appears Plaintiff has chosen to cease litigating this case.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to keep the Court and Defendants apprised of his current address in accordance with this Court's Local Rules. Alternatively, within that same time, Plaintiff may file a Notice of Change of Address.

**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 16, 2024**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE