UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VASQUEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING DEADLINES**<br><br>(Doc. 170) |

This action proceeds on Plaintiff's excessive force claims against Defendants Vasquez, Fisher and Washington, and deliberate indifference to serious medical needs claim against Defendant Ramos.

**I.　BACKGROUND**

On October 2, 2023, following the issuance of District Judge Jennifer L. Thurston's Order Adopting Findings and Recommendations Following Evidentiary Hearing, the Court issued its Order Setting Remaining Discovery Deadlines. (Doc. 164.) The deadline for the completion of discovery was set for March 1, 2024, and the deadline for the filing of dispositive motions was set for May 1, 2024. (*Id*.)

On February 21, 2024, Defendants filed a Motion to Modify Discovery and Scheduling Order. (Doc. 165.) The Court granted the motion, extending the discovery deadline to April 30, 2024, and the dispositive motion deadline to July 1, 2024. (Doc. 166.)

1       On February 29, 2024, Plaintiff filed a motion seeking a 45-day stay of the proceedings due to his impending parole. (Doc. 167.) Defendants did not oppose Plaintiff's motion. On March 25, 2024, the Court issued its Order Granting Plaintiff's Motion for 45-Day Stay. (Doc. 168.) The Court noted a search of the California Incarcerated Records and Information Search (CIRIS) tool revealed Plaintiff had been released from custody. (*Id*. at 2, n.1.)

When 45 days had passed, on May 13, 2024, the Court issued its Order Lifting Stay and Resetting Remaining Discovery Deadlines. (Doc. 169.) Discovery was to be completed by July 15, 2024, and dispositive motions were to be filed by September 13, 2024. (*Id.* at 3.)

On July 15, 2024, Defendants filed the instant motion to modify the discovery and dispositive motion deadlines. (Doc. 170.)

**II.    DISCUSSION**

Defendants move to extend the discovery and dispositive motion deadlines due to Plaintiff's release from custody and their inability to contact him. (Doc. 170.) The motion is supported by the Declaration of David E. Kuchinsky. (*Id*. at 5-6.) Defense counsel states Plaintiff has been released from custody and has not yet updated his address of record with the Court. (*Id*. at 5, ¶ 2.) Counsel has been unable to serve Plaintiff with a deposition notice. (*Id*. at 5, ¶ 2.) Counsel states he spoke with Plaintiff's parole agent and was provided a current telephone number for Plaintiff. (*Id*. at 5, ¶ 3.) Despite calling the number more than five times, counsel has been unable to leave a voice mail and has not received any return calls from Plaintiff's number. (*Id*. at 5, ¶ 3.) Defense counsel states he does not know what technology will be available to Plaintiff for a video deposition and intends to work with Plaintiff to schedule a date and location given Plaintiff's circumstances, but he cannot do so without contacting Plaintiff. (*Id*. at 5, ¶ 4.)

Counsel states he has diligently investigated and defended this case and conducted discovery prior to Plaintiff's release from custody, but he must depose Plaintiff to fully investigate the matter and prepare a defense. (*Id*. at 5, ¶ 5.) Defense counsel states Plaintiff's claims appear to be directly contradicted by institutional documents and Defendants' recollection of events, making Plaintiff's deposition crucial to understanding the extent of his claims and damages, potential liability and settlement value, evaluating whether a genuine dispute of

material fact exists and preparing for trial. (*Id*. at 5-6, ¶ 5.) Counsel asks the Court to extend the discovery deadline to September 13, 2024, to allow Defendants to file any motion relating to Plaintiff's deposition testimony within 14 days of the completion of the deposition, and to extend the dispositive motion deadline to November 12, 2024. (*Id*. at 6, ¶¶ 6, 8.) Counsel states the request is not made for any improper purpose, but to ensure adequate representation and efficient resolution, and that there is no indication it would cause Plaintiff any undue prejudice or burden because no trial date has been set and no other deadlines need to be modified. (*Id*. at 6, ¶ 7.)

### III.    CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to modify the discovery and dispositive motion deadlines (Doc. 170) is **GRANTED**;
2. The deadline for the completion of discovery is extended from July 15, 2024, to **September 13, 2024**;
3. Any motion relating to Plaintiff's to-be-scheduled deposition shall be filed **within fourteen days** after the scheduled deposition, if necessary; and
4. The deadline for the filing of any dispositive motion is extended from September 13, 2024, to **November 12, 2024**.

IT IS SO ORDERED.

Dated:    **July 16, 2024**            /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE