UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VASQUEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00367-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Larry William Cortinas is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

On February 29, 2024, Plaintiff filed a motion seeking a 45-day stay of the proceedings due to his impending parole. (Doc. 167.) On March 25, 2024, the Court issued its Order Granting Plaintiff's Motion for 45-Day Stay, noting a search of the California Incarcerated Records and Information Search (CIRIS) tool revealed Plaintiff had since been released from custody. (Doc. 168.)

On May 13, 2024, the Court issued its Order Lifting Stay and Resetting Remaining Discovery Deadlines. (Doc. 169.) Discovery was to be completed by July 15, 2024, and dispositive motions were to be filed by September 13, 2024. (*Id.* at 3.)

On July 15, 2024, Defendants filed a motion to modify the discovery and dispositive motion deadlines. (Doc. 170.) The motion revealed that defense counsel was unable to contact Plaintiff despite having been provided a telephone number by Plaintiff's parole officer and multiple attempts to contact Plaintiff at that number. (*Id*.)

On July 17, 2024, the Court issued its Order Granting Defendants' Motion to Modify Discovery and Scheduling Deadlines. (Doc. 172.) Discovery was to be completed by September 13, 2024, and dispositive motions were to be filed by November 12, 2024. (*Id.* at 3.) That same date, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Keep the Court and Opposing Counsel Apprised of his Current Address. (Doc. 171.) Plaintiff was directed to file a response within 21 days. (*Id*. at 3.)

On August 1, 2024, the United States Postal Service returned both orders served to Plaintiff at his address of record marked "Undeliverable, Paroled."

**II.     DISCUSSION**

*Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b)

states, in part: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Plaintiff was released from custody in March 2024. (*See* Docs. 167 & 168.) In the ensuing five months, Plaintiff has not contacted the Court or counsel for Defendants, and has failed to keep the Court and Defendants apprised of his current address.[1][2] Plaintiff also appears to have failed to keep the Court apprised of his current address in several other actions pending in this district.[3] There are no other reasonable alternatives available to address Plaintiff's failure to obey the Court's rules and failure to prosecute this action. Thus, the first and second factors, the expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

---

[1] Plaintiff's address on file with the Court remains "Larry William Cortinas, P-09908, California Medical Facility, P.O. Box 2000, Vacaville, California 95696-2000."

[2] Plaintiff filed a Notice of Change of Address on January 14, 2022 (*see* Doc. 77), reflecting an awareness of his obligation to the Court.

[3] *See Cortinas v. Soltanian*, No. 2:20-cv-01067-DAD-JDP (current address of record reflects the California Medical Facility); *Cortinas v. Colvin*, No. 2:21-cv-02291-DAD-CKD (same); *Cortinas v. Ikegbu*, No. 2:23-cv-00285 (same, and findings and recommendations to dismiss for failure to prosecute pending); *Cortinas v. Bivin*, No. 2:23-cv-00388-WBS-DMC (same); *Cortinas v. Stewart*, No. 2:24-00130-DAD-CKD (same). *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

3

*See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have diligently investigated and defended this action for more than five years but have been unable to schedule Plaintiff's deposition or contact Plaintiff following his release from custody. (*See* Doc. 170-1, ¶¶ 3-5.) This matter cannot proceed without Plaintiff's participation, and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor, a risk of prejudice to the defendants, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case toward disposition on the merits. He has instead failed to comply with this Court's Local Rules to keep the Court apprised of his current address. The Court has had no contact with Plaintiff for more than five months, Plaintiff is no longer incarcerated at the California Medical Facility, and is not in CDCR custody.[4] Therefore, the fourth factor, the public policy favoring disposition of cases on their merits, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders or rules will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the notice issued March 14, 2019, advised Plaintiff of his duty to keep the Court apprised of his current address. (*See* Doc. 3 at 2 ["**Local Rule 182**  Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address".) In the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 20, 2019, Plaintiff was also advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1.) That

---

[4] *See* https://apps.cdcr.ca.gov/ciris/results?lastName=cortinas&firstName=larry, as of August 9, 2024.

4

Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address." (*Id*. at 5.)

In its March 25, 2024, Order granting a 45-day stay of the proceedings, Plaintiff was also "reminded of his obligation to keep the Court apprised of his current address," pursuant to Local Rule 182(f). (Doc. 168 at 3.) Finally, it is OSC issued July 17, 2024, the Court stated: "**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey orders and failure to prosecute.**" (Doc. 171 at 3, emphasis in original.)

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. *Carey*, 856 F.2d at 1440; *Henderson*, 779 F.2d at 1424. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Local Rules, to prosecute this action, and to keep the Court apprised of his current address. The Court declines to further expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules, to prosecute this action, and to keep the Court apprised of his current or correct address.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2024**                                   /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE