1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY WILLIAM CORTINAS,                Case No. 1:19-cv-0367 JLT BAM (PC)

12              Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION
                                             FOR REVERSAL OF THE COURT'S ORDER
13         v.                                DISMISSING THE ACTION FOR FAILURE
                                             TO PROSECUTE
14    VASQUEZ, et al.,
                                             (Doc. 176)
15              Defendants.

16

17         Larry William Cortinas proceeded *pro se* in this action, in which he sought to hold the

18    defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983.  The Court found

19    Plaintiff failed to prosecute the action and failed to obey the Court's orders.  (Docs. 173, 174.)

20    Therefore, the Court dismissed the action without prejudice and entered judgment on August 30,

21    2024.  (Doc. 174.)  Plaintiff now requests the Court reverse its decision and reopen the action.

22    (Doc. 176.)  The Court construes the request as a motion for reconsideration.

23         Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

24    interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

25    229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737,

26    749 (9th Cir. 2008).  "A motion for reconsideration should not be granted, absent highly unusual

27    circumstances, unless the district court is presented with newly discovered evidence, committed

28

                                             1

1    clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

2    raise arguments or present evidence for the first time when they could reasonably have been

3    raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

4    F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).

5         Generally, a motion for reconsideration of a final judgment is appropriately brought

6    under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Backlund v. Barnhart*, 778 F.2d

7    1386, 1388 (9th Cir. 1985); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir.

8    1995).  However, such a motion must be filed no later than twenty-eight (28) days after entry of

9    the judgment.  *See* Fed. R. Civ. P. 59(e).  Because Plaintiff filed the motion nearly six months

10    after the entry of judgment, the Court construes the motion as filed under Rule 60(b). *See Moore*

11    *v. Mortg. Elec. Registration Sys., Inc*., 650 F. App'x 406, 407 n.1 (9th Cir. 2016); *see also Am.*

12    *Ironworks & Erectors, Inc. v. N. Am. Constr. Corp*., 248 F.3d 892, 898–99 (9th Cir. 2001) (a

13    motion for reconsideration is addressed under Rule 59(e) if it is timely, and addressed under Rule

14    60(b) if beyond the deadline).

15         Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just

16    terms, the court may relieve a party or its legal representative from a final judgment, order, or

17    proceeding."  *Id.*  Rule 60(b) indicates such relief may be granted "for the following reasons:"

18              (1) mistake, inadvertence, surprise, or excusable neglect;

19              (2) newly discovered evidence that, with reasonable diligence, could not have
                  been discovered in time to move for a new trial under Rule 59(b);

20
                  (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation,
21                or misconduct by an opposing party;

                  (4) the judgment is void;
22
                  (5) the judgment has been satisfied, released, or discharged; it is based on an
23                earlier judgment that has been reversed or vacated; or applying it
                  prospectively is no longer equitable; or
24
                  (6) any other reason that justifies relief.
25

26    Fed. R. Civ. P. 60(b).  Additionally, pursuant to the Court's Local Rules, when filing a motion for

27    reconsideration of an order, a party must show "what new or different facts or circumstances are

28    claimed to exist which did not exist or were not shown upon such prior motion, or what other

                                              2

1  grounds exist for the motion."  Local Rule 230(j).

2      Plaintiff last engaged in this matter on February 29, 2024, when he requested a 45-day

3  stay due to his pending parole.  (Doc. 167.)  The Court granted the stay, also noting Plaintiff was

4  already released from custody as of March 25, 2024.  (Doc. 168.)  More than three months later,

5  the Court issued an order to show cause to Plaintiff as to why the action should not be dismissed

6  for his failure to prosecute and failure to keep the Court informed of his proper mailing address.

7  (Doc. 171.)  The U.S. Postal Service returned the order marked "Undeliverable, Paroled" on

8  August 1, 2024.  The magistrate judge issued Findings and Recommendations on August 9,

9  2024—which were not returned as undeliverable—and the recommendations were adopted in full

10  on August 30, 2024.  Nearly a year passed between the time Plaintiff last took any action to

11  prosecute his claims (in February 2024) to the filing of the pending motion (in February 2025).

12  The Court cannot, and will not, hold an inactive action open indefinitely for a plaintiff to choose

13  when to prosecute his claims and when to comply with the Local Rules.  *See Ferdik v. Bonzelet,*

14  *963 F.2d 1258, 1261 (9th Cir. 1992)* (district courts have inherent interest in managing their

15  dockets without being subject to noncompliant litigants).

16      Plaintiff does not show the Court erred in finding that he failed to prosecute this action or

17  that he failed to keep the Court informed of his proper mailing address as required by the Local

18  Rules.  Plaintiff also does not invoke any specific grounds for relief under Rule 60(b) to support

19  the relief requested.  Thus, the Court **ORDERS**:

20      1.  Plaintiff's motion to reverse dismissal (Doc. 176) is **DENIED**.

21      2.  Plaintiff's motion for an evidentiary hearing (Doc. 177) is terminated as **MOOT**.

22      **This action shall remain closed**.

23

24  IT IS SO ORDERED.

25      Dated:   **May 9, 2025**

26                                          UNITED STATES DISTRICT JUDGE

27

28