1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY WILLIAM CORTINAS,                    Case No. 1:19-cv-0367 JLT BAM (PC)

12              Plaintiff,                       ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR RELIEF UNDER RULE 60(B) AND
13         v.                                    MOTION TO SET ASIDE JUDGMENT

14    VASQUEZ, et al.,                           (Docs. 180, 181)

15              Defendants.

16

17         Larry William Cortinas proceeded *pro se* in this action, in which he asserted violations of

18    his civil rights pursuant to 42 U.S.C. § 1983.  The Court found Plaintiff failed to prosecute the

19    action and failed to obey the Court's orders.  (Docs. 173, 174.)  Therefore, the Court dismissed

20    the action without prejudice and entered judgment on August 30, 2024.  (Doc. 174.)  Previously,

21    Plaintiff requested the Court reverse its decision and reopen the action.  (Doc. 176.)  The Court

22    construed the request as a motion for reconsideration under Rule 60(b) of the Federal Rules of

23    Civil Procedure and denied the motion.  (Doc. 179.)  Plaintiff now again moves for relief under

24    Rule 60(b), and requests the Court set aside judgment.  (Docs. 180, 181.)

25         As the Court previously explained, reconsideration of a prior order is an extraordinary

26    remedy "to be used sparingly in the interests of finality and conservation of judicial resources."

27    *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see*

28    *also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  "A motion for reconsideration should

                                          1

1  not be granted, absent highly unusual circumstances, unless the district court is presented with

2  newly discovered evidence, committed clear error, or if there is an intervening change in the

3  controlling law," and it "may *not* be used to raise arguments or present evidence for the first time

4  when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc.*

5  *v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks,

6  citations omitted) (emphasis in original).

7      Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just

8  terms, the court may relieve a party or its legal representative from a final judgment, order, or

9  proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

10      (1) mistake, inadvertence, surprise, or excusable neglect;

11      (2) newly discovered evidence that, with reasonable diligence, could not have
        been discovered in time to move for a new trial under Rule 59(b);
12

13      (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation,
        or misconduct by an opposing party;

14      (4) the judgment is void;

15      (5) the judgment has been satisfied, released, or discharged; it is based on an
        earlier judgment that has been reversed or vacated; or applying it
16      prospectively is no longer equitable; or

17      (6) any other reason that justifies relief.

18  Fed. R. Civ. P. 60(b). Additionally, pursuant to the Court's Local Rules, when filing a motion for

19  reconsideration of an order, a party must show "what new or different facts or circumstances are

20  claimed to exist which did not exist or were not shown upon such prior motion, or what other

21  grounds exist for the motion." Local Rule 230(j).

22      Prior to dismissal of the action, Plaintiff last engaged in this matter on February 29, 2024,

23  when he requested a 45-day stay due to his pending parole. (Doc. 167.) The Court granted the

24  stay, noting Plaintiff was released from custody as of March 25, 2024. (Doc. 168.) More than

25  three months later, the Court issued an order to show cause to Plaintiff as to why the action

26  should not be dismissed for his failure to prosecute and failure to keep the Court informed of his

27  proper mailing address. (Doc. 171.) The U.S. Postal Service returned the order marked

28  "Undeliverable, Paroled" on August 1, 2024. The magistrate judge issued Findings and

1    Recommendations on August 9, 2024—which were not returned as undeliverable—and the

2    recommendations were adopted in full on August 30, 2024.

3          Plaintiff now reports that he did not receive any Court mail after March 2024.  (Doc. 180

4    at 1.)  However, Plaintiff again does not provide any explanation for his inaction prior to the

5    Court dismissing the action. To the extent Plaintiff now asserts that he mailed a notice of change

6    of address in May 2024, his assertion is contradicted by the Court's records.  Indeed, the Court

7    reviewed the dockets in each of Plaintiff's other pending matters in the Eastern District—

8    including both the Fresno and Sacramento Divisions— and neither division received a notice of

9    change of address in *any* of Plaintiff's actions during the relevant period, from the time of his

10   release to the dismissal of this matter on August 30, 2024.  (*See Cortinas v. Neel,* Case No. 2:21-

11   cv-00611-TLN-AC [dismissed for failure to prosecute on August 7, 2024]; *Cortinas v. Ikegbu*,

12   Case No. 2:23-cv-00285-TLN-CKD [dismissed for failure to prosecute on September 17, 2024,

13   and denying Plaintiff's motion to set aside the judgment]; *see also Cortinas v. Colvin*, Case No.

14   2:21-cv-02291-DAD-CKD; *Cortinas v. Bivin*, Case No. 2:23-cv-00388-WBS-DMC; *Cortinas v.

15   Stewart,* Case No. 2:24-cv-00130-DAD-CKD.)  As the Court previously explained, it cannot, and

16   will not, hold an inactive action open indefinitely for a plaintiff to choose when to prosecute his

17   claims.  *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent

18   interest in managing their dockets without being subject to noncompliant litigants).

19         Plaintiff neither shows the Court erred in finding that he failed to prosecute this action,

20   nor invokes any specific grounds for relief under Rule 60(b) to support the relief requested.  He

21   also does not show that he was prevented from taking timely action to prosecute this matter.

22   Consequently, the Court cannot find that Plaintiff demonstrates the extraordinary circumstances

23   necessary to justify relief under Rule 60(b).  *See Navajo Nation v. DOI,* 876 F.3d 1144, 1173 (9th

24   Cir. 2017) ("Rule 60(b) relief should be granted sparingly to avoid manifest injustice and *only*

25   where extraordinary circumstances prevented a party from taking timely action to prevent or

26   correct an erroneous judgment." [emphasis in original, quotation marks omitted].) Based upon the

27   foregoing, the Court **ORDERS**:

28         1.    Plaintiff's second motion for relief under Rule 60(b) (Doc. 180) is **DENIED**.

2.    Plaintiff's motion to set aside the judgment (Doc. 181) is **DENIED**.

**The Court will not entertain additional motions for reconsideration, and this action shall remain closed.**

IT IS SO ORDERED.

Dated: __**July 7, 2025**__

UNITED STATES DISTRICT JUDGE

4